In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-3172

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RACHEL L. KOPP,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 18-cr-00090 — **James D. Peterson**, *Chief Judge.*

ARGUED APRIL 12, 2019 — DECIDED APRIL 23, 2019

Before FLAUM, EASTERBROOK, and SYKES, *Circuit Judges.*

FLAUM, *Circuit Judge.* Rachel L. Kopp has a history of substance abuse and drug-related convictions. During the sentencing hearing for the revocation of her supervised release, the district court announced an 18-month sentence; but then, after learning from the probation officer that 18 months might not allow sufficient time for Kopp to complete a residential drug treatment program, the court increased the sentence to

20 months. Kopp appeals, arguing the district court improperly lengthened her sentence to promote rehabilitation in violation of *Tapia v. United States*, 564 U.S. 319 (2011), and 18 U.S.C. § 3582(a). For the reasons below, we vacate the sentence and remand to the district court for resentencing.

## I. Background

On May 23, 2018, the Bureau of Prisons ("BOP") released Kopp from prison in Waseca, Minnesota and ordered her to report to the Rock Valley Community Program in Janesville, Wisconsin for transitional services. Kopp disregarded that directive. Six days later, law enforcement arrested her. Ultimately, Kopp pleaded guilty to a one-count indictment for escaping the Attorney General's custody in violation of 18 U.S.C. §§ 751(a) and 4082(a).

The district court held a sentencing hearing on September 27, 2018. After confirming that both sides had no objections to the Presentence Investigation Report ("PSR"), the court adopted the PSR's factual findings and Guidelines application: Kopp's total offense level was 7 and her criminal history category was VI, so the range for the term of imprisonment was 15 to 21 months. The government recommended a sentence within the Guidelines range. Kopp's attorney requested a 12-month sentence.

To support the request for a shorter sentence, Kopp's attorney began by asserting that the bulk of Kopp's criminal history occurred when Kopp was in her teens and twenties—Kopp was thirty years old at sentencing. The district court, while describing Kopp's criminal history as "low-grade," emphasized that "there's a ton of it." Additionally, the court

opined that the "two fundamental drivers" of Kopp's criminal activity were trauma from her childhood and her drug addiction. This prompted Kopp's attorney to transition to talking about Kopp's treatment history.

Kopp's attorney noted that Kopp participated in the BOP's Residential Drug Abuse Program ("RDAP")[1] in 2016, but since that time, she had not had another opportunity for treatment. Again, the court offered a clarifying comment: "She hasn't had an opportunity for treatment because every time I try to put her in a circumstance where she can get treatment, unless she is, you know, in leg irons, she runs away…." The court described its experience sentencing other offenders with substance abuse disorders—how treatment does not always work the first time, but some offenders have success after the second cycle of treatment. Despite Kopp's previous experience with RDAP, the court hoped Kopp could still benefit

---

[1] The BOP must make treatment available to prisoners who it determines have "a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Accordingly, the BOP established the RDAP. *See* 28 C.F.R. § 550.53; U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5330.11: Psychology Treatment Programs (2009), https://www.bop.gov/policy/progstat/5330_011.pdf [hereinafter Program Statement 5330.11]. To gain admission into RDAP, an inmate must (1) "have a verifiable substance use disorder"; (2) "sign an agreement acknowledging program responsibility"; and (3) be able to complete each of the program's components at the time he or she starts the program. 28 C.F.R. § 550.53(b). The program's three components are: (1) the "[u]nit-based component"—"a course of activities … set apart from the general prison population"; (2) "[f]ollow-up services," if time allows; and (3) "Community Treatment Services." *Id.* § 550.53(a). According to the BOP's Program Statement, an inmate typically needs 24 months to complete the entire RDAP program before his or her release from BOP custody. Program Statement 5330.11, § 2.5.5.

from treatment. It remarked: "We've got to get her some more treatment, and I'm going to try again."

Next, the court asked Kopp's attorney to talk about Kopp's plans after incarceration, sharing its concern that Kopp was in a "vicious cycle." Kopp's attorney told the court that Kopp had contacted a transitional living program, a sponsor through Narcotics Anonymous, and an organization that offers addiction treatment. Then Kopp addressed the court directly: She took responsibility for her actions, asked for "the least amount of incarceration" possible, and said she was "prepared to do things differently." She recognized that she needed to address the issues underlying her addiction and stated that she intended to participate in counseling as part of her recovery.

The court recalled similar statements Kopp made at a previous revocation of supervised release hearing, observed that her statements at the present hearing seemed like a "broken record," and asked Kopp what would be different this time around. Kopp said she finally accepted that she has a drug addiction, and she planned to stay away from her old community and focus on getting treatment. The court encouraged Kopp to work through her underlying issues, stay away from drugs and people who use them, and use her intelligence to build a better future.

Then, the court began discussing Kopp's sentence. It explained that the Guidelines range was "narrow," but that Kopp's 12-month request was "a little short." After asking Kopp about the sentence she was currently serving and learning that Kopp was to receive a month of credit toward the sentence it was to impose that day, the court announced: "The sentence that I'm going to impose is 18 months. It's kind of in

the middle of the guideline, and I want to make sure with an 18-month sentence, does that give Ms. Kopp time to participate in an RDAP program?" The probation officer who prepared the PSR responded: "I think that's probably, like, the lowest end she could be at to participate." Immediately after that comment, the court said: "Okay. I'm going to make it 20 months then." Kopp interjected: "Can I just—RDAP is only nine months." The court responded: "You have to get into it. You've got to find a spot for it and everything like that, and I do think it's important for you, and so I'm going to make it 20 months…." The court also said that it "could be persuaded that a sentence longer would be appropriate," but reaffirmed that "[Kopp's] sentence will be 20 months." Shortly thereafter, the court imposed the conditions of supervised release and asked if further justification of those conditions was necessary. Kopp's attorney responded in the negative. After "cover[ing] all the other formalities of the sentence," the court adjourned the hearing. The clerk entered the written judgment on September 28, 2018.

## II. Discussion

The Sentencing Reform Act of 1984 enacted "sweeping reforms" to federal criminal sentencing. *Mistretta v. United States*, 488 U.S. 361, 365–66 (1989). Under the Act, a judge must sentence a federal offender to either a fine, a term of probation, or a term of imprisonment. 18 U.S.C. § 3551(b). In selecting one of those options, the judge must "impose a sentence sufficient, but not greater than necessary" to reflect the four general purposes of sentencing: retribution, deterrence, incapacitation, and rehabilitation. *Id.* § 3553(a); *Tapia*, 564 U.S. at 325. But the Act requires judges to disregard certain purposes depending on which type of sentence the judge is imposing.

*Tapia*, 564 U.S. at 325–26. For example, a judge may not consider retribution when imposing a term of supervised release. 18 U.S.C. § 3583(c); *Tapia*, 564 U.S. at 326. And, as relevant to this appeal, a judge may not consider rehabilitation when imposing a term of imprisonment. 18 U.S.C. § 3582(a); *see also Mistretta*, 488 U.S. at 367 (explaining that the Act "reject[ed] imprisonment as a means of promoting rehabilitation"); 28 U.S.C. § 994(k) ("The [Sentencing] Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment.").

In *Tapia v. United States*, the Supreme Court considered whether the Act prevented judges from considering the time required to complete RDAP in deciding how long an offender's term of imprisonment should be. 564 U.S. 319. After reviewing the statutory background and language, the Court held: "Section 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Id.* at 332.

Kopp argues that the district court's judgment runs afoul of *Tapia* because the court added two months to her imprisonment term to allow her to complete RDAP. The government disagrees and further argues that Kopp should not be permitted to raise a *Tapia* objection for the first time on appeal.

### A. Standard of Review

"Generally speaking, we review a district court's application of the Sentencing Guidelines de novo and any underlying factual findings for clear error." *United States v. Seals*, 813 F.3d

1038, 1044 (7th Cir. 2016). Here, the government argues that Kopp did not properly raise a *Tapia* claim below, so our review turns on whether Kopp waived or forfeited that issue. "Waived issues cannot be reviewed, while forfeited ones are reviewed for plain error." *Id.* at 1045. A party waives an issue when it "'intentionally relinquishes or abandons a known right,'" and a party forfeits an issue when it "fails to raise an argument due to accident or neglect." *Id.* at 1044–45 (quoting *United States v. Walton*, 255 F.3d 437, 441 (7th Cir. 2001)).

The government contends that Kopp advocated for a term of imprisonment long enough to allow her to complete RDAP as part of her overall sentencing strategy to convince the court that she was finally willing to confront her addiction. As such, the government asserts that Kopp either intentionally relinquished her right to bring a *Tapia* claim or invited the court to make a *Tapia* error. We disagree.

Kopp expressed a desire to complete RDAP, but she also sought to limit the amount of time she would have to spend in prison. At the sentencing hearing, Kopp explicitly stated: "Of course I'm hoping for the least amount of incarceration." And when the court proposed increasing her sentence from 18 to 20 months to ensure she could complete RDAP, Kopp interrupted the court to make clear that she believed 9 months would be sufficient. Although Kopp did not make a formal *Tapia* objection, her comments to the court indicate that she opposed the proposed increase of her sentence. Therefore, there is no support for the government's argument that Kopp waived her right to challenge the district court's decision to

lengthen her sentence for rehabilitation, much less that she invited the court to make a *Tapia* error.

It was, however, a mistake for Kopp's attorney not to raise a *Tapia* objection during the sentencing hearing. Due to this forfeiture, we review for plain error.[2] Under plain-error review, Kopp must show that (1) there was error, (2) it was plain, (3) it affected her substantial rights, and (4) it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Seals*, 813 F.3d at 1045.

### B. Sentencing Decision

The government maintains that the district court's sentence was not plainly erroneous. In support of this position, the government argues that the court discussed the appropriate § 3553(a) factors, only discussed treatment in light of

---

[2] In her reply, Kopp characterizes the moment she interrupted the court as her taking "exception" to the sentencing decision pursuant to Federal Rule of Criminal Procedure 51. She argues that she did not have an opportunity to object before the court imposed the sentence and therefore, she is entitled to raise this issue on appeal. *See United States v. Pennington*, 908 F.3d 234, 238 (7th Cir. 2018) ("Federal Rule of Criminal Procedure 51(a) provides that a party need not state an 'exception' to a ruling the court has already made … to preserve her appellate rights." (citation omitted)). We disagree. After switching the sentence from 18 to 20 months, the court continued to discuss the need for Kopp's sentence and paused to accept concerns or comments before finalizing the sentence. There was ample opportunity for Kopp or her attorney to raise an objection. Based on this record, the absence of a formal *Tapia* objection leads us to review for plain error. *See United States v. Holman*, 840 F.3d 347, 352–53 (7th Cir. 2016); *see also United States v. Lewis*, 823 F.3d 1075, 1083–84 (7th Cir. 2016) (when a judge announces a definitive sentencing decision, a defendant need not make an objection to preserve the issue for appeal, but where a judge announces a tentative sentencing decision and invites objections, a defendant's failure to object can amount to waiver or forfeiture).

Kopp's request for it, and based the sentence on the need to protect the public given that Kopp's addiction might limit her ability to refrain from criminal activity upon release. Viewed that way, the government sees an analogy between this case and our recent decision in *United States v. Burrows*, 905 F.3d 1061 (7th Cir. 2018).

But *Burrows* is easily distinguishable. There, we held the district court did not commit a *Tapia* error because the court only discussed the opportunities for rehabilitative programs in prison; there was no indication that the court chose the length of the defendant's sentence to promote rehabilitation. *Id.* at 1067. Rather, the district court "determined the length of [the offender's] sentence, in its words, 'to address the seriousness of the offense and also [the] concerns about [the offender's] risk to recidivate and the need for general deterrence.'" *Id.* at 1067–68 (second alteration in original) (quoting the district court).

Here, by contrast, the court initially intended to give Kopp an 18-month sentence: "The sentence that I'm going to impose is 18 months." But before making that official, the court asked if an 18-month sentence would "give Ms. Kopp time to participate in an RDAP program?" When the probation officer explained that 18 months was probably "the lowest end" of the requisite amount of time to complete RDAP, the district court immediately responded by adding two months to Kopp's sentence: "Okay. I'm going to make it 20 months then." The only fact that changed between the moment the district court announced an 18-month sentence and the moment the district court announced a 20-month sentence was the court's receipt of the probation officer's estimate as to the amount of time

necessary to allow RDAP participation. Such a shift in sentencing is precisely what *Tapia* and 18 U.S.C. § 3582(a) prohibit.

We are not persuaded by the government's argument that the court's dismissal of Kopp's interjection that RDAP only takes 9 months, the court's musing that it could have been persuaded to make the sentence longer, or the court's after-the-fact recitation of reasons for the sentence were tailored to its decision to impose a 20-month—as opposed to an 18-month—sentence. The district court never explained why two additional months were necessary. Comparing the information the court had while announcing an 18-month sentence with the information it had while announcing a 20-month sentence leads to the conclusion that the court imposed a 20-month sentence in order to guarantee Kopp's ability to complete RDAP. That was plain error.

The government insists, nevertheless, that we should not remand for resentencing because Kopp has not made any showing that but for the error, the sentence would have been different. The transcript of the sentencing hearing belies this argument. If the district court had not made a *Tapia* error, it would have imposed an 18-month sentence. Consequently, the district court must resentence Kopp.

### III. Conclusion

For the foregoing reasons, we VACATE the sentence and REMAND for resentencing.