In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2435

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ERIC S. SPIVEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:13-cr-0787 — **Virginia M. Kendall**, *Judge.*

ARGUED MAY 16, 2019 — DECIDED JUNE 7, 2019

Before BAUER, HAMILTON, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* After the district court revoked Eric
Spivey's supervised release, it sentenced him to 24 months in
custody. Spivey now argues the district court violated due
process because it sentenced him based on a nonexistent con-
dition of supervised release. We disagree and affirm.

## I. Background

In September 2005, Spivey was convicted of predatory criminal sexual assault in the Circuit Court of Cook County, Illinois. This conviction required him to register under the Sex Offender Registration Notification Act. In April 2014, Spivey pleaded guilty in federal district court to one count of knowingly failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). The district court sentenced him to 41 months in prison and a five-year term of supervised release. Relevant to this appeal is Spivey's supervised release condition that he truthfully answer his probation officer's inquiries, which the original judgment contained. For reasons unclear in our record, the district court struck that condition and others in an amended judgment issued about two weeks later.

Spivey began serving his term of supervised release in October 2016. Throughout that term, probation officers submitted multiple special reports reflecting eighteen separate violations of Spivey's conditions. From June 2017 until Spivey's final revocation hearing approximately one year later, the district court conducted multiple rule to show cause hearings. During these hearings, Spivey explained that because he was homeless, he had challenges registering as a sex offender. Spivey also told the court he could not fulfill his supervised release conditions due to his work schedule, lack of funds, and illnesses requiring hospitalization.

In March 2018, Spivey failed to appear before the district court on three separate occasions. His counsel informed the court that Spivey said he was in the hospital, but when Spivey failed to appear at the third status hearing, counsel indicated that he did not know his client's whereabouts. The district court then issued a bench warrant for Spivey's arrest. Law

enforcement arrested Spivey on March 28, 2018, at his girl-friend's house, where she lived with her two young children.

The district court conducted Spivey's final revocation and sentencing hearing on June 14, 2018. The government called two witnesses to testify. First, Spivey's probation officer testified that he went to the Chicago Police Department's Office for Criminal Registration, where he found that Spivey had not registered as a sex offender. The probation officer stated that Spivey explained he did not register because he did not have the money to complete the registration, and, that during the winter months, he had to wait outside in the cold for hours to register. Spivey's probation officer, however, observed that the registration office had a waiting room and that the Chicago Police Department waives registration fees under certain circumstances.

Further, the probation officer testified that Spivey missed an October 2017 meeting with him claiming to be in the hospital. After requesting Spivey's medical documentation, the officer discovered that Spivey had not been in the hospital on the meeting date. The probation officer also testified that law enforcement arrested Spivey at his girlfriend's home where he was living, which contradicted Spivey's assertion that he was homeless and sleeping on public transportation.

Next, the government called a senior inspector for the United States Marshals Service who testified she arrested Spivey on two occasions. The first time was in August 2017 at Spivey's sister's home on a state charge of failing to register as a sex offender. When arresting Spivey, his sister told the inspector that Spivey was living with her. In addition, the inspector observed a 16- or 17-year-old living at his sister's home.

The inspector also arrested Spivey on March 28, 2018, pursuant to the district court's warrant. She explained that she knew Spivey would be at his girlfriend's home because the State of Illinois had issued a driver's license to Spivey with that address. The inspector talked to Spivey's girlfriend at the time of his arrest, and she explained that she had two children, ages 8 and 10, living with her. Spivey's girlfriend added that she had been dating Spivey for about four months and had no idea he was a sex offender.

At his revocation hearing, Spivey admitted that he had failed to register as a sex offender amounting to four separate violations, which were numbered Violations 1, 6, 10, and 14. Based on evidence in the record, the district court also found Spivey had violated three other supervised release conditions, including another violation of failing to register as a sex offender (Violation 18), unsupervised private contact with minors at his sister's home (Violation 9), and commission of a state crime (Violation 8).

Violation 17, which Spivey calls the nonexistent supervised release condition, was listed in the probation officer's February 2018 special report. It required Spivey to answer his probation officer's inquiries truthfully. The district court mentioned Violation 17 at the revocation hearing. It did not, however, make a finding that Spivey committed Violation 17. Instead, the court concluded that Spivey's March 2018 arrest at his girlfriend's house where he was living with her two minor children established he had unsupervised private contact with minors. In addressing the violation, the court said:

> Court: And then Violation 17 is the most recent arrest and him living with the two children, 8 and 10, with his girlfriend, correct?

>Prosecutor: That's correct.
>
>Court: And I also find the evidence is sufficient to support that conclusion.

At sentencing, the district court calculated the advisory sentencing range under the Chapter 7 Policy Statement as 21 to 27 months based on the supervised release violations that were Grade B offenses and Spivey's criminal history category of VI. *See* U.S.S.G. § 7B1.1(a)(2). The court sentenced Spivey to 24 months in custody, which was the maximum sentence because his original offense was a Class C felony. *See* 18 U.S.C. § 3583(e)(3); *United States v. Ford*, 798 F.3d 655, 661 (7th Cir. 2015) ("Title 18 U.S.C. § 3583 limits the length of the prison term a court may impose after it revokes a defendant's supervised release."). Spivey appealed.

## II. Discussion

On appeal, Spivey argues the district court violated his due process right to be sentenced on the basis of accurate information because the court relied on a violation of a non-existent condition of supervised release when imposing his sentence, namely, the condition that he truthfully answer all inquires of his probation officer. Spivey did not object to this alleged procedural error; therefore, we review the court's sentencing decision for plain error. *United States v. Kopp*, 922 F.3d 337, 341 (7th Cir. 2019). Under plain error review, we will reverse if Spivey demonstrates "(1) an error or defect, (2) the error is clear or obvious and not subject to reasonable dispute, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Freed*, 921 F.3d 716, 720 (7th Cir. 2019).

To establish a Fifth Amendment due process violation, Spivey "must show that inaccurate information was before the court and that the court relied upon it." *United States v. Pennington*, 908 F.3d 234, 239 (7th Cir. 2018). A sentencing court relies on inaccurate information if it gives specific consideration to this information before imposing a sentence or imposes the defendant's sentence at least in part on the misinformation. *United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Miller*, 900 F.3d 509, 513 (7th Cir. 2018) (per curiam). We have said this standard requires only that the false information was part of the basis of a defendant's sentence. *Id*.

Spivey cannot meet this standard on plain-error review. The district court held a lengthy hearing and made specific findings on Spivey's violations. As discussed, the district court found Spivey had violated several conditions of supervised release, including five violations for failing to register as a sex offender, one violation of unsupervised private contact with minors, and one violation based on the commission of a state crime.

As to the truthfulness condition, nothing in the record shows that the district court considered the nonexistent condition when imposing Spivey's sentence. The district court mentioned Violation 17. But the same sentence in the transcript reveals that the district court's focus was on the fact that Spivey had been "living with the two children, 8 and 10," which was the conduct evidenced when Spivey was most recently arrested. When the district court did assess Spivey's truthfulness, it was appropriately in the course of reciting his history and characteristics under 18 U.S.C. § 3553(a), not in finding a release violation.

The fairest reading of the transcript, then, is that the district court simply misspoke in referencing Violation 17. And that conclusion does not change because the final judgment reflects a finding of Violation 17. Our case law makes clear that the oral pronouncement during sentencing controls. *United States v. Hudson*, 908 F.3d 1083, 1085 (7th Cir. 2018). Spivey has thus failed to establish that the court plainly erred.

Spivey makes a vague argument that the sentencing court improperly emphasized his lies when imposing his sentence. This argument falls flat because he does not challenge the court's underlying factual findings concerning his numerous lies. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Spivey therefore cannot establish that "the judge misapprehended the record with respect to an aggravating factor that the judge considered important," *Miller*, 900 F.3d at 514, as he argues.

Also under plain error review, Spivey must show the district court's alleged error affected his substantial rights. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018). In other words, Spivey must establish he was prejudiced by the district court's alleged error. *Miller*, 900 F.3d at 512-13.

Spivey cannot make this showing either. As discussed, the court did not err because it found that Spivey violated the condition pertaining to minors—not that he lied to his probation officer. Even if the district court had erred, Spivey cannot show prejudice because at his revocation hearing, he admitted to four Grade B supervised release violations for failing to register as a sex offender. And only one Grade B violation

results in an advisory guideline range of 21 to 27 months with Spivey's criminal history category of VI—the same guideline range the district court considered in the first instance. *See* U.S.S.G. §§ 7B1.1(b), 7B1.4(a). Because the alleged error did not affect Spivey's advisory guideline range, there is no likelihood that he would have received a different sentence absent any such error. *United States v. Kruger*, 839 F.3d 572, 580 (7th Cir. 2016).

We AFFIRM the district court's judgment.