NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 7, 2019
Decided September 13, 2019

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-3728

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-CR-158 |
| | |
| DEILY VERAS, | J.P. Stadtmueller, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Deily Veras stole more than $2.7 million from the Treasury in a tax-fraud scheme involving the filing of false tax returns using the names of more than 500 Puerto Rican residents. He pleaded guilty to theft of public funds, 18 U.S.C. § 641, and aggravated identity theft, *id.* § 1028A. The district judge imposed a below-Guidelines sentence of 52 months in prison.

Veras raises two claims of procedural error: the judge incorrectly said the scheme lasted four years (instead of 18 months), and the judge did not adequately consider his argument that he was less culpable than others who ran similar schemes. We reject these arguments and affirm the judgment.

Veras engaged in a tax-fraud scheme from January 2013 through June 2014, obtaining refunds from the Treasury using tax returns that were fraudulently filed using the names and identifying information of more than 500 Puerto Rican residents. He mailed the refund checks from New Jersey to a check-cashing business in Milwaukee and drove there to collect the money. In total he stole $2.76 million, though he estimates that he kept only $120,000 for himself—the rest went to others involved in the scheme. He pleaded guilty to theft of public funds and aggravated identify theft.

The Sentencing Guidelines recommended a sentence of 37 to 46 months for the theft of public funds, followed by a mandatory consecutive term of 24 months for aggravated identity theft. At sentencing Veras argued that he was less culpable than defendants in three other cases who used the same check-cashing business in schemes involving thefts of government funds totaling $4.6 million, $1.2 million, and $1.1 million, respectively. Those defendants were sentenced to prison terms of 36 months, 28 months, and 15 months.

The judge rejected the comparison, explaining that Veras was "the linchpin" of this scheme—"the glue or adhesive that made all of this work." The judge continued: "And to victimize over 500 individuals *over a period of four years* with repeated travels to Wisconsin from New Jersey … destroyed any suggestion [that Veras was] an otherwise law-abiding individual." (Emphasis added.) The judge added that "a message needs to go out" to deter similar conduct. The judge then said that he was "going to impose" a 52-month sentence. Veras's attorney interjected that the offense conduct lasted only 18 months, not four years. The judge responded, "The Court stands corrected." Later the judge announced the "formal sentence of the Court": a below-Guidelines sentence of 28 months for the theft of government funds, followed by the mandatory 24-month consecutive term for aggravated identity theft, for a total sentence of 52 months in prison.

On appeal Veras raises two claims of procedural error, which we review de novo. *United States v. Pennington*, 908 F.3d 234, 238 (7th Cir. 2018). He first argues that the judge violated his right to be sentenced based on accurate information by stating that the scheme lasted four years when in fact it was only 18 months in duration. This argument doesn't meet the threshold for procedural error. "A sentencing court relies on inaccurate information if it gives specific consideration to this information before imposing a sentence or imposes the defendant's sentence at least in part on the misinformation." *See United States v. Spivey*, 926 F.3d 382, 385 (7th Cir. 2019).

Veras hasn't established that the judge specifically relied on inaccurate information about the duration of the scheme in settling on the 52-month sentence. Veras interprets the judge's initial reference to a four-year scheme as a genuine, if mistaken, belief; the government points out that the judge corrected himself before imposing sentence, confirming that he simply misspoke.

"Reliance on misinformation occurs if the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the misinformation before imposing [the] sentence." *United States v. Miller*, 900 F.3d 509, 513 (7th Cir. 2018) (quotation marks omitted). But a judge does not rely on inaccurate information if he corrects a mistake. *See Pennington*, 908 F.3d at 240. Here, the judge acknowledged his misstatement when Veras's attorney brought it to his attention. Nothing suggests that the judge's initial error influenced the sentencing decision. In any event, the judge also adopted the factual findings in the presentence report—including the correct 18-month duration of the offense—which assures us that his inadvertent misstatement did not affect the sentence. *Id.*

To be sure, the judge could have stated more explicitly that he was imposing the same sentence regardless of the duration of the offense. *See United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009). But he had already explained that the evidence "destroyed any suggestion" that Veras was a "law-abiding individual" and emphasized the need to deter similar schemes. It's clear from the totality of the judge's remarks that the initial misstatement of the duration of the offense was immaterial to the ultimate sentence.

Veras next argues that the judge did not adequately address his argument that he was less culpable than others who had leadership roles in comparable offenses. We see no error here either. It's true that a judge's failure to meaningfully address a principal argument in mitigation may warrant resentencing. *See United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). But the judge considered Veras's argument. He acknowledged that Veras may have kept a smaller proportion of the funds than those other defendants, but he determined that the distinction was immaterial because Veras nevertheless was the operation's "linchpin, … glue or adhesive." Given that the judge reviewed the defendant's sentencing memorandum and imposed a below-Guidelines sentence, he did not need to address Veras's argument further. *See United States v. Graham*, 915 F.3d 456, 459 (7th Cir. 2019).

AFFIRMED