In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2254

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TRAVIS J. BARRETT,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:17-cr-00001 — **Joseph S. Van Bokkelen**, *Judge.*

ARGUED OCTOBER 6, 2020 — DECIDED NOVEMBER 30, 2020

Before WOOD, BRENNAN, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* In *United States v. Flores*, we addressed ambiguity in our case law by announcing a clear and precise rule for resolving the all-too-common circumstance of a criminal defendant contending for the first time on appeal that a condition of supervised release is unconstitutionally vague, despite having received notice of all proposed conditions before sentencing and then availing himself of the opportunity to object to other conditions. We held such a course

of action constitutes waiver, rendering the challenge unreviewable on appeal. This principle requires us to affirm Travis Barrett's sentence here.

**I**

In 2016 federal authorities found Barrett with nearly 15,000 images and 2,450 videos of child pornography. A search of his computer also turned up a "Pedophile's Handbook." Barrett responded to the ensuing federal charges by pleading guilty to possessing child pornography. He did so pursuant to a plea agreement with a provision waiving any appellate challenge "on any ground" to "all components" of his sentence. Barrett confirmed that he understood the waiver during his plea colloquy. The district court sentenced Barrett to 97 months' imprisonment followed by 10 years of supervised release.

Barrett now contends that the district court violated his First Amendment rights by imposing a condition of supervised release that will prevent him from viewing any material depicting "sexually explicit conduct," defined in 18 U.S.C. § 2256(2) to include adult pornography. But Barrett never raised this challenge at sentencing, despite having a full and fair chance to do so. How this happened is worth explaining, for we have seen this exact course of conduct many times in recent years and have sought to bring its recurrence to an end.

Barrett confirmed at sentencing that he had not only received advance notice of all 34 proposed conditions of supervised release, but also discussed them with his counsel. He waived a public reading of each condition. From there the district court invited any objections, and Barrett responded with several. The objections resulted in a colloquy with the district

court and ended with rulings on each challenged condition. The process, in short, worked as designed: Barrett raised objections and explained his positions, the government responded with its views, and the district court ruled on the challenges one at a time. The district judge even took care to invite further challenges to prevent Barrett from waiving any lingering objection.

At no point during or in advance of sentencing, however, did Barrett or his counsel utter a word about Condition 31. Perhaps foregoing an objection was an oversight by Barrett and his counsel. Mistakes happen. Or perhaps passing on the objection reflected sound strategy, for it is easy to see why a defendant standing before a district court for sentencing on a sexual offense against children would find it unwise to express future interest in viewing adult pornography. Whatever the explanation, the record is clear: Barrett expressed no reservation with, and asked no questions about, Condition 31.

In these circumstances, and separate and apart from the broad appellate waiver he agreed to in his plea agreement, Barrett runs headlong into the rule we announced in *United States v. Flores*: a waiver of an objection to a condition of supervised release occurs "when the defendant has notice of the proposed conditions, a meaningful opportunity to object, and she asserts (through counsel or directly) that she does not object to the proposed conditions, waives reading of those conditions and their justifications, challenges certain conditions but not the one(s) challenged on appeal, or otherwise evidences an intentional or strategic decision not to object." 929 F.3d 443, 450 (7th Cir. 2019). Every condition identified in *Flores* is present here, and that reality forecloses our review of Barrett's belated challenge to Condition 31.

That Barrett contests Condition 31 in the name of the First Amendment is of no moment. Pointing to *United States v. Adkins*, 743 F.3d 176 (7th Cir. 2014), he argues that we have permitted challenges to conditions that touch on First Amendment rights, even where those challenges would be otherwise waived. Barrett misunderstands our holding. We do not read *Adkins* as creating a general, open-ended First Amendment exception to our waiver doctrine, and certainly not after our clarifying decision in *Flores*. We have since underscored that *Flores* "was not a mistaken fluke—it is controlling law." *United States v. Anderson*, 948 F.3d 910, 912 (7th Cir. 2020).

Whatever remains of any First Amendment exception posited by *Adkins* is a question we save for another day. What is plain beyond debate here is that Barrett waived his challenge to Condition 31 by not presenting it to the district court.

Make no mistake about our holding. In no way are we saying that criminal defendants cannot challenge conditions of supervised release as unconstitutionally vague. They surely can (and do), and our doors remain open to considering such challenges *if* defendants take care to present the issue to the district court in the first instance.

## II

We close by responding to Barrett's assignment of fault to his counsel for failing to challenge Condition 31 before or during sentencing. Barrett notes that at one point his counsel could not answer a question from the court because he was "still in shock" at the 97-month sentence. This claim sounds in ineffective assistance of counsel—a claim Barrett's plea agreement authorizes him to pursue under 28 U.S.C. § 2255 should he wish to do so. See *United States v. Cates*, 950 F.3d

453, 457 (7th Cir. 2020). We have repeatedly reminded criminal defendants that collateral review, not direct appeal, is far and away the proper and best channel for raising an ineffective assistance of counsel claim. See, *e.g.*, *id.* at 456–57 (collecting cases emphasizing the same point).

For these reasons, we AFFIRM.