| NONPRECEDENTIAL DISPOSITION |
| --- |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2021[*]
Decided March 26, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2643

| | |
| --- | --- |
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee*, | for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | No. 07 CR 853 |
| ROBERT BRUNT, | Ronald A. Guzmán, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Robert Brunt, a federal inmate, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c). Brunt argues that if he remains incarcerated and contracts COVID-19, his morbid obesity and hypertension place him at increased risk of serious illness or death. The district court agreed with Brunt that his

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

medical conditions were serious but denied his request after concluding that the sentencing factors under 18 U.S.C. § 3553(a) did not support early release. Because this determination was an appropriate exercise of the court's discretion, we affirm.

Brunt is serving a 151-month sentence at FPC-Duluth in Minnesota for his role in an elaborate financing-fraud scheme involving the purchase and resale of properties from the U.S. Department of Housing and Urban Development. He was tried and convicted of five counts of wire fraud, 18 U.S.C. § 1343, six counts of mail fraud, 18 U.S.C. § 1341, and one count of money laundering. 18 U.S.C. § 1957. His projected release date is December 2023.

In early 2020, Brunt moved for compassionate release based on the COVID-19 pandemic and his medical conditions, which include morbid obesity, hypertension, sleep apnea, and inflammatory bowel disease. The district court denied the motion without prejudice, noting that Brunt had not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A) or provided any information about the effect of the virus at this facility. With counsel's assistance, Brunt amended his motion to elaborate upon his risk profile and request home confinement. The court dismissed the amended motion without prejudice on grounds that only the Bureau of Prisons may grant home confinement under 18 U.S.C. § 3624(c)(2), and Brunt still had not exhausted his administrative remedies.

After exhausting administrative remedies, Brunt renewed his motion for compassionate release. He reiterated that COVID-19 and his health conditions provided an "extraordinary and compelling reason" for release, adding that FPC-Duluth had four confirmed cases of the virus.

The district court denied Brunt's motion because he failed to demonstrate that there were "extraordinary and compelling reasons" under § 3582(c)(1)(A) warranting release. The court acknowledged that Brunt's obesity is a serious medical condition but found this consideration outweighed by the § 3553(a) sentencing factors—specifically the seriousness of the fraud scheme, Brunt's extensive criminal history, and the need to protect the public from his future conduct.

On appeal, Brunt argues that the court abused its discretion in denying his motion because it did not adequately weigh the § 3553(a) sentencing factors. He contends that the court gave too little weight to his compromised medical condition and too much to his criminal history.

The district court did not abuse its "considerable discretion" in denying Brunt's motion. *United States v. Saunders*, 986 F.3d 1076, 1077 (7th Cir. 2021). District courts may modify an inmate's sentence under 18 U.S.C. § 3582 only when the inmate has shown "extraordinary and compelling reasons for release" and the § 3553(a) sentencing factors support doing so. *See United States v. Gunn*, 980 F.3d 1178, 1179–80 (7th Cir. 2020). Here, the court adequately supported its decision by highlighting Brunt's extensive criminal history (which made him "a poor candidate for rehabilitation"); the seriousness of the fraud (in its sophistication, scale, and damage done to so many victims); and the need for his continuing incarceration to provide just punishment and promote respect for the law.

Lastly, Brunt asserts for the first time that the court overlooked his post-conviction efforts at rehabilitation, including coursework and the creation of a charity. But he forfeited this argument by not raising it first before the district court. *See United States v. Kopp*, 922 F.3d 337, 341 (7th Cir. 2019).

AFFIRMED