**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2021
Decided October 25, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1131

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:20cr00061 |
| JAMES ALEXANDER, *Defendant-Appellant.* | Damon R. Leichty, *Judge.* |

**O R D E R**

James Alexander pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). Over Alexander's objection, the district court applied a four-point enhancement because Alexander used the firearm to further another felony (the Indiana felony of using a gun to intimidate another person). *See* U.S.S.G. § 2K2.1(b)(6)(B); IND. CODE § 35-45-2-1(a)(1), (b)(2)(A). It also denied him a two-point downward adjustment after finding that Alexander had not accepted responsibility. *See* U.S.S.G. § 3E1.1. The court then sentenced him to a within-guideline prison term of 71 months and 2 years'

supervised release. Alexander appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Alexander did not respond to counsel's brief, *see* CIR. R. 51(b), which explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. Because counsel's brief appears thorough, we limit our review to the subjects that he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel begins by telling us that he consulted with Alexander about the risks and benefits of challenging his guilty plea and confirmed that Alexander does not wish to contest the validity of his plea. So, counsel properly omits any discussion about the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel next considers a challenge to the four-level enhancement for using the firearm to further a crime—the Indiana felony of intimidating a person—and rightly concludes that it would be frivolous. The district court heard evidence that Alexander used a gun to threaten Aisha Martin not to leave the area where he had found her. The evidence came from two eyewitnesses, video from police body cameras, a 911 transcript that captured audio of the event, and Martin's testimony (largely confirming the eyewitnesses' accounts). One eyewitness heard Martin cry out, "why you got this gun in my face?" and another exclaimed, "Thank God [Martin] didn't try to get out because [Alexander] probably would have shot her." Based on the evidence, the district court found that Alexander had pointed a firearm at her to force her to stay at the scene. We would review that finding for clear error, *see United States v. Kopp*, 922 F.3d 337, 341 (7th Cir. 2019), and we would not find any. Martin had earlier denied to police that Alexander used a gun to threaten her. But the court had the discretion to credit both witnesses who heard her say otherwise during the altercation, and her testimony at the sentencing hearing about the gun, over her prior statement to police. *See United States v. Lockwood*, 840 F.3d 896, 901 (7th Cir. 2016); *United States v. Sandidge*, 784 F.3d 1055, 1063 (7th Cir. 2015) ("inconsistencies" would not render statements per se incredible).

Furthermore, based on these findings, there would be no room to argue that Alexander did not commit the Indiana felony of intimidation. Under Indiana law, one commits unlawful intimidation by threatening another with the intent that the other person "engage in conduct against the other person's will." IND. CODE § 35-45-2-1(a)(1). The threat is a felony if the defendant uses a deadly weapon, *id.* § 35-45-2-1(b)(2)(A), which includes firearms, *id.* § 35-31.5-2-86(a)(1). The district court rightly concluded that, by aiming his gun at Martin, Alexander feloniously intimidated her by indicating

that, despite her desire to get away from Alexander, she had to stay put or risk getting shot.

Next, we agree with counsel that Alexander could not reasonably challenge the district court's decision to withhold a two-point downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The court initially planned to give Alexander the deduction—despite his denial at the sentencing hearing that he had threatened Martin—because (1) he admitted to the felon-in-possession charge and (2) the court did not want to deter good-faith challenges to sentencing recommendations. Even then, the district court said it could apply the deduction only with "the greatest of hesitation." But when Alexander addressed the court at allocution—*after* the court had found that he had intimidated Martin with a gun—he doubled down on his denial of that finding. He stated unequivocally "I never pointed the gun at [Martin]." The Guidelines advise that a defendant who falsely denies relevant conduct that the district court considers to be true "has acted in a manner inconsistent with acceptance of responsibility." *Id.* § 3E1.1 cmt. n.1(A). Because we give great deference to a district court's ruling on acceptance of responsibility, it would be frivolous to challenge this court's decision. *Id.* § 3E1.1 cmt. n.5.; *see United States v. Nichols*, 847 F.3d 851, 859 (7th Cir. 2017).

Turning to other sentencing challenges, counsel also rightly concludes that a challenge to the district court's application of the sentencing factors under 18 U.S.C. § 3553(a) would be pointless. The court adequately explained how Alexander's history, and the nature, circumstances, and seriousness of his offense, *see id.* § 3553(a)(1), (2)(A), justified a "robust sentence." *See United States v. Poulin*, 745 F.3d 796, 800 (7th Cir. 2014). To begin, the court noted that Alexander had a violent past—he was convicted of murder in 1995. (Alexander did not challenge the accuracy of the presentence report in this respect.) It then addressed arguments that Alexander raised in mitigation: his childhood abuse, educational achievements, and community activities following his 2011 parole. Alexander acknowledged in the district court that the court addressed these arguments, so he waived any challenge that it did not. *See United States v. Bridgewater*, 950 F.3d 928, 934 (7th Cir. 2020). And the district court reasonably rejected these arguments by permissibly relying on the need to protect the public from gun violence and deter illegal activity by Alexander and others. *See* § 3553(a)(2)(B)–(C); *United States v. Garcia-Segura*, 717 F.3d 566, 568 (7th Cir. 2013). As the court saw it, Alexander was "a gentleman who still [did] not yet get it," and this sentence was needed to promote Alexander's respect for the law. Thus, nothing in the record would

rebut the presumption that Alexander's within-guidelines sentence is reasonable. *See United States v. Taylor*, 907 F.3d 1046, 1051 (7th Cir. 2018).

Lastly, we agree with counsel's conclusion that it would be hopeless to challenge Alexander's two-year term of supervised release. Alexander had notice of the conditions and term, did not object to them, raising only objections to the presentence report, and waived the reading and explanation of the conditions at the sentencing hearing. Under these circumstances, any appellate challenge to those conditions would be waived. *See United States v. Barrett*, 981 F.3d 644, 646 (7th Cir. 2020).

We GRANT counsel's motion to withdraw and DISMISS the appeal.