In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3579

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL FETERICK,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:15-cr-50010-1 — **Frederick J. Kapala**, *Judge.*

ARGUED JULY 7, 2017 — DECIDED SEPTEMBER 29, 2017

Before WOOD, *Chief Judge*, and BAUER and FLAUM, *Circuit Judges*.

PER CURIAM. Michael Feterick pleaded guilty to two counts of bank robbery, 18 U.S.C. § 2113(a), and was sentenced to a total of 49 months' imprisonment and 3 years' supervised release. The conditions of supervised release include one requiring that Feterick "participate, at the direction of a probation officer, in a substance abuse treatment program." On appeal Feterick argues that this condition was imposed

based on inaccurate information and wasn't adequately explained. He also contends that the condition, as written, gives too much discretion to the probation officer.

## I. BACKGROUND

In 2015, Feterick robbed two banks within three weeks, each time using a note saying, "Money, no dye packs." Within hours of the second robbery, police found and arrested him in a hotel room he was sharing with his girlfriend. In the room was marijuana and drug paraphernalia belonging to the girlfriend.

Feterick, who is 47, was charged with both bank robberies. After pleading guilty he told a probation officer about his struggles with mental illness and drug use. In his twenties, Feterick said, he had used cocaine recreationally fewer than two dozen times. But he also had used marijuana well into his thirties and, after quitting for a decade, started up again in late 2014 following the death of his mother. From then on he smoked marijuana daily until February 2015, the month before the first bank robbery. Feterick also told the probation officer that in 2013 he sometimes got "a little buzz" by doubling the dose of Percocet a physician had prescribed after a dog bite. He told the probation officer, though, that he didn't see a need for drug treatment.

The probation officer proposed overlapping conditions of supervised release requiring that Feterick, first, submit to drug testing up to 104 times annually and, second, "participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year." Feterick's lawyer opposed both conditions as unnecessary. The testing condition,

counsel said, is not justified by Feterick's prior drug use and will "trap" him into a violation by forcing him to choose between working or showing up for drug tests. In challenging the treatment condition, counsel principally argued that the evidence of ongoing drug use is minimal and the evidence of abuse, nonexistent. The government countered that both proposed conditions are necessary because of Feterick's past drug use and will "promote deterrence" while also protecting the public.

The district court rejected Feterick's objections. Starting with the testing condition, the court concluded:

> He's not a raging heroin addict. That I can see … . But he's abused prescription drugs in the past. I know that he kept his girlfriend's drugs and paraphernalia in his hotel room. He's used marijuana occasionally from 1997 to 2004, and after his mother's death he's recreationally used cocaine. This kind of history is enough for me to require him to undergo testing.

The court added that testing will detect unlawful drug use and help Feterick "stay out of prison." And responding to Feterick's challenge to the drug-treatment condition, the district court answered, "As I said, there's enough in his history to think this is warranted."

## II. DISCUSSION

Feterick argues that the district court committed two procedural errors when imposing the drug-treatment condition. That condition, he adds, is substantively flawed because of the degree of discretion given to the probation officer.

Feterick's first assertion of procedural error can be rejected easily. In his view, the district court did not adequately explain the possible need for drug *treatment* because the court, rather than addressing that question independently, "simply incorporated" its rationale for imposing the distinct *testing* condition. But as the government correctly responds, the court was free to refer back to its explanation for requiring drug testing (which Feterick does not challenge). And that explanation makes evident the court's belief that treatment may become necessary because of Feterick's history of drug use, *see* 18 U.S.C. § 3553(a)(1), and to assure his post-incarceration rehabilitation, *see id.* § 3553(a)(2)(D).

Feterick's second assertion of procedural error is more significant. He argues that the district court based the drug-treatment condition on an erroneous finding that he had used *cocaine* in the months before the robberies. The judge said, "He's used marijuana occasionally from 1997 to 2004, and after his mother's death he's recreationally used cocaine." That's incorrect; what the evidence shows is that Feterick used *marijuana*, not cocaine, after his mother's death, and he posits that the district court likely confused his "more recent marijuana use with cocaine abuse." This mistake matters, Feterick insists, because marijuana use—compared to cocaine—is more prevalent and punished less harshly.

The government refuses to concede that the district court made a mistake. Instead, the government asserts that the "fairest reading" of the cocaine comment is that the judge "identified" when Feterick had used *marijuana* and understood from the probation officer's account of his prior drug use that Feterick did not use cocaine recently. The government

also points out that our review is for plain error because defense counsel never objected to the court's statement about recent cocaine use.

We agree with Feterick that the judge misstated his history of cocaine use and relied on that misunderstanding to justify the drug-treatment condition. Despite information in the presentence report about Feterick's history with drugs, the judge's only mention of cocaine was in his misstatement about the timing of Feterick's cocaine use. Even if drug treatment might be warranted by Feterick's history of marijuana use and his short-term abuse of Percocet, we aren't confident that the judge would have imposed the treatment condition if aware that Feterick's cocaine use was quite remote in time (20 years before the bank robberies).

This procedural error compels us to vacate the drug-treatment condition. Feterick would prefer that we stop there and simply excise this condition from the judgment without directing further proceedings, but that is not an option in this case. Sentencing errors, if not harmless, are remedied by returning the case to the district judge for reconsideration untainted by the error. *See United States v. Poulin*, 809 F.3d 924, 931 (7th Cir. 2016); *United States v. Kappes*, 782 F.3d 828, 86667 (7th Cir. 2015). The question, then, is whether we should order a full resentencing or simply allow the judge to reassess the need for the drug-treatment condition.

We conclude that the latter option is enough in this case. A remand for full resentencing is necessary if the sentencing court's error possibly affected other components of the defendant's sentence, in particular the prison term. *See United States v. Dickson*, 849 F.3d 686, 691 (7th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 967 (7th Cir.), *petition for*

*cert. filed* (May 31, 2017) (No. 16-9411). Feterick challenges only the drug-treatment condition, and the judge misspoke only when explaining his choice to impose that condition (and one other that Feterick does not challenge). Nothing in the record suggests that the length of Feterick's prison term (or any other aspect of his sentence) was affected by the judge's misunderstanding concerning the recency of Feterick's cocaine use. Thus a resentencing limited to reconsideration of the drug-treatment condition will suffice.

Because on resentencing the district judge could conclude that drug treatment will not be necessary after all, we need not consider Feterick's additional contention that the drug-treatment condition as written gives too much discretion to the probation officer. On remand, Feterick can address that question to the district court in the first instance.

## III.  CONCLUSION

We VACATE the condition of supervised release allowing for drug treatment and REMAND for resentencing limited to reconsideration of that single condition free of any misapprehension about Feterick's prior drug use. No other aspect of Feterick's sentence will be affected. In all other respects the judgment is AFFIRMED.