In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-3514

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TYRONE MILLER,

*Defendant-Appellant.*

Appeal from the United States District Court for the Northern
District of Indiana, South Bend Division
No. 3:17CR20-001 — **Robert L. Miller, Jr.**, *Judge.*

ARGUED JULY 6, 2018 — DECIDED AUGUST 16, 2018

Before SYKES, HAMILTON, and BRENNAN, *Circuit Judges*.

PER CURIAM. Tyrone Miller was arrested after police found
him unconscious behind the wheel of his car, which he had
crashed into a street light. At the jail, an officer pulled him
from the squad car and found a handgun on the floor where
his feet had been. A jury found Miller guilty of possessing a
firearm as a felon in violation of 18 U.S.C. § 922(g)(1), and he
was sentenced to 87 months in prison. On appeal, he argues

that his conviction is not supported by sufficient evidence, and that his sentence is based on an erroneous understanding of his criminal history. We affirm Miller's conviction but vacate his sentence because it is based on an inaccurate count of his past felony convictions.

**I**

According to the evidence at trial, two officers at the start of their shift found Miller in his wrecked car. He woke up and attempted to leave the accident scene, hunching over as he walked, until one officer stopped and handcuffed him before beginning to pat him down. As the officer's hand approached Miller's waist, Miller tried to flee but was wrestled to the ground. Without completing the pat down, the officer placed him into the back of the squad car, where Miller sat alone, and finished investigating the accident before bringing him to the police station. Later, when Miller stepped out of the car, the officer saw a loaded handgun with an extended magazine on the floor where Miller's feet had been.

The only issue at trial was whether Miller possessed the gun seized from the vehicle's floor. The arresting officer testified that no other person used the patrol car that transported Miller, and he began his shift that day by inspecting the car, including its back seat.

After Miller was convicted, a probation officer prepared a presentence report that disclosed Miller, age 31, had 17 criminal history points, with convictions going back twenty years. In total, Miller had eleven adult convictions, including five felonies: three for firearms, one for drugs, and one for obstruction of justice. One Michigan conviction from 2011, for which

Miller was incarcerated 161 days, was characterized as "Possession of Loaded Firearm in or Upon a Vehicle" in the presentence report. That report did not disclose whether this offense was a felony or misdemeanor, but documents made part of the record on appeal show that the offense—and Miller's charge, its attempt—are misdemeanors under state law, *see* Mich. Comp. Laws §§ 750.227c (Transportation or Possession of Loaded Firearm … In or Upon Vehicle), 750.92 (Attempt to Commit Crime).

The government in its sentencing memorandum wrote, erroneously, that "it appears that Mr. Miller has six prior felony convictions." He had only five. In Miller's allocution at sentencing, he also stated he had five felony convictions.

The district judge repeated the government's error at sentencing. When assessing the sentencing factors under 18 U.S.C. § 3553(a), the judge considered the seriousness of Miller possessing a loaded handgun with an extended magazine, his substance-abuse problem, his "great risk" of "violent crimes," and his lengthy criminal history. The judge said that the "biggest" factors were Miller's risk of another crime and his criminal history. Focusing on Miller's criminal record, the judge said:

> [W]hat jumps out from this presentence report is that you're only 31 years old, and you've already got a breathtaking criminal history. It's your seventh felony conviction. Most of the crimes involve drugs and/or guns. Four other felony convictions involve firearms.

The district judge viewed the Sentencing Guidelines range as "low with respect to the need for punishment," because Miller "would be in Category VIII" "[i]f the criminal history categories continued beyond Category VI." The judge continued: "When we get to sentencing on a seventh felony conviction for a weapons crime committed while on supervision for a felony weapons sentence, … the Sentencing Guidelines [are] about all that [counsel] against a maximum sentence."

Sensing that Miller disagreed with this statement, the district judge explained how he counted this offense as Miller's seventh felony: "[T]wice now, I've mentioned seventh felony conviction, and you seem concerned that I had it wrong, so let me tell you what I was counting." The judge then listed the six prior convictions that he counted as felonies, one of which was the Michigan conviction. The judge stated that an appropriate prison sentence was 87 months, the top of the guidelines range. He said he was "giving pretty good weight to the Guidelines because, otherwise … a sentence close to ten years could easily be justified."

The district judge issued a sentencing memorandum that tracked his oral remarks. He repeated his view that Miller had a "breathtaking criminal record" because "[t]his was his seventh felony conviction, and most of his crimes involved drugs and/or guns." And the judge reiterated that the Sentencing Guidelines were the reason Miller would get a shorter sentence than the one deserved by a person who had "reach[ed] sentencing on his seventh felony conviction, for a weapons crime while on supervised release on a felony weapons sentence." The judge again said that Miller would be in criminal-history Category VIII, if such a category existed.

## II

### A.  Sufficient Evidence Supports the Gun Conviction

Miller contends there was insufficient evidence at trial to support the jury's finding that he possessed a gun. But he failed to move for a judgment of acquittal under Federal Rule of Criminal Procedure 29, so we review his conviction for plain error. *See United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016).

Miller's sufficiency-of-the-evidence challenge fails, even if it had been preserved. It was reasonable to conclude that Miller, who was not fully patted down, brought the gun into the car because the officer testified that Miller's accident was his first call that shift after he found the back of his car empty, and the gun was found where Miller's feet had been, immediately after he was pulled from the car. Miller argues that the officer's testimony was unbelievable. A jury's credibility finding will be set aside if the testimony is "impossible under the laws of nature," *United States v. Hunter*, 145 F.3d 946, 949 (7th Cir. 1998), but the officer testified to nothing impossible. Miller also contends it was unreasonable to conclude that he was hiding a gun with an extended magazine inside his pants when he was placed in the patrol car. But the jury watched the patrol car's video that showed Miller walking away from his car hunched over, putting his hands over his waist. Further supporting the finding that Miller possessed a hidden gun was that he tried to flee when the pat-down officer's hand approached Miller's waist. Viewing the evidence in a light most favorable to the government, reasonable jurors could have found beyond a reasonable doubt that Miller was guilty of possessing the firearm located where he had been moments

before. *See United States v. Sewell*, 780 F.3d 839, 847 (7th Cir. 2015).

### B. Procedural Error Occurred at Sentencing

Next Miller argues that the district judge procedurally erred by selecting a sentence based on two inaccuracies regarding his criminal history: the judge incorrectly said the instant offense was Miller's seventh felony conviction, and Miller's 17 criminal history points would place him in a criminal history category VIII, if the Guidelines went beyond category VI. (Miller posits that a hypothetical category VII would cover 16 to 18 points, and a category VIII would be 19 to 21. *See* U.S.S.G. Ch. 5, Part A, Sent'g Table.) Neither error affects Miller's Guidelines range.

The government concedes that the district judge was mistaken on both points, and instead responds that Miller has forfeited his arguments because he did not correct the judge at sentencing. Thus, the government argues for plain-error review in place of the typical de novo review of sentencing procedures. *See United States v. Chatman*, 805 F.3d 840, 843 (7th Cir. 2015).

Miller's argument that the district judge misspoke about a hypothetical criminal-history category is not preserved and without merit. On plain-error review, Miller must establish that he was prejudiced by this misstatement, i.e., that there is a reasonable probability that, but for this error, his sentence would have been different. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018). But Miller cannot establish prejudice. The judge supported his choice of sentence by pointing to sentencing factors other than Miller's criminal history. Noting that Miller's criminal history warranted a sentence at or

near the statutory maximum, the judge nonetheless imposed a sentence within the Guidelines range, albeit at the top-end, doing so to maintain sentencing uniformity among defendants with similar crimes. The judge also pointed to factors specific to Miller: his possession of a loaded gun and his "great risk" of "violent crimes," which the judge said was a "big" factor. Because these other factors support Miller's sentence, he was not prejudiced by any misstatement of his hypothetical criminal-history category.

We conclude Miller preserved his contention over the miscounting of his prior felony convictions, however. During allocution he said he had five felonies. The district judge, disagreeing with Miller's figure and noting Miller's disagreement with the judge's count, paused to explain his count and list the convictions he considered felonies. Once the judge made this ruling, Miller was not required to object further in order to preserve his claim of error. *See* FED. R. CRIM. P. 51(a). And because the judge had an opportunity to consider and resolve this contested issue immediately, the purpose of the contemporaneous objection rule was fulfilled. *See Puckett v. United States*, 556 U.S. 129, 134 (2009). Further, Miller's attorney continued to express concern by saying at the end of sentencing that he had no objection to the proposed sentence only because it was "within the parameters" of what the defense had recommended.

Reviewing Miller's sentence de novo, we conclude that the misstatement about the number of his prior felony convictions resulted in procedural error. Defendants have a due-process right to be sentenced based on accurate information. *Oliver*, 873 F.3d at 608–09. To overturn a sentence for a violation of this right, the defendant must "show that information

before the sentencing court was inaccurate and that the sentencing court relied on the inaccurate information in the sentencing." *Id.* at 609.

The parties dispute whether the district judge relied on his mistaken belief that Miller had attained his seventh felony conviction. "The standard for determining whether the district court relied on improper information is a low one," *United States v. Barnes*, 907 F.2d 693, 696 (7th Cir. 1990) (quotation and citation omitted), requiring only that "false information was part of the basis for the sentence." *U.S. ex rel. Welch v. Lane*, 738 F.2d 863, 865 (7th Cir. 1984); *see also United States v. Feterick*, 872 F.3d 822, 824 (7th Cir. 2017) (procedural error at sentencing resulted in remand for resentencing). Reliance on misinformation occurs if "the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the misinformation before imposing sentence." *Chatman*, 805 F.3d at 844; *cf. Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) (on habeas corpus review, trial court did not rely on allegedly inaccurate information in presentence report). Thus, showing "reliance"—that the judge explicitly considered inaccurate information—does not require demonstrating prejudice—that the judge would have chosen a different sentence if properly informed.

The district court's justification for the sentence imposed included the erroneous belief that Miller had seven felony convictions. The district judge restated this inaccuracy each time he mentioned Miller's criminal history—four times total, at sentencing and in the district court's sentencing memorandum. By listing the six prior offenses he counted as felonies, the judge attributed significance to the distinction between Miller's past felonies and misdemeanors. And the judge said

Miller's history was one of the two "biggest" factors justifying the sentence imposed. A single misinformed comment warrants resentencing if it reveals that the judge misapprehended the record with respect to an aggravating factor that the judge considered important. *See United States v. Durham*, 645 F.3d 883, 899–900 (7th Cir. 2011); *see also United States v. Corona-Gonzalez*, 628 F.3d 336, 340–43 (7th Cir. 2010) (finding plain error because judge thrice repeated misstatement that defendant had been deported, and judge deemed that fact important). Here, the inaccurate statement cannot be separated from the judge's primary justification for the sentence.

*United States v. Jones*, 454 F.3d 642 (7th Cir. 2006), cited by the government, does not establish otherwise. There we affirmed because the district judge relied on an overturned conviction, not in deciding the sentence, but as one of two reasons for rejecting the defendant's argument in mitigation. *Id.* at 652–53. In this case, however, the inaccurate statement was part of the judge's primary justification for the sentence. And "[i]f the district court relied on unreliable or inaccurate information in making its sentencing decisions," then "we return the case to the district court for a new sentencing hearing." *United States v. England*, 555 F.3d 616, 622 (7th Cir. 2009).

The government contends that the district judge's comments reveal only that he was concerned generally with Miller's "breathtaking criminality and recidivism." The record shows otherwise: the district judge was concerned specifically with Miller's total number of prior convictions that were felonies, not misdemeanors, listing the six prior felonies and emphasizing the "seventh." When addressing Miller's concern about the tally, the judge could have specified that he was

considering Miller's overall lengthy criminal history gener-
ally, and not relying on the disputed number of past felonies
specifically. *See United States v. Johns*, 732 F.3d 736, 741–42
(7th Cir. 2013); *Promotor*, 628 F.3d at 888; *Johnson v.
United States*, 805 F.2d 1284, 1289 (7th Cir. 1986). But the judge
did not say this.

The government submits that the error is harmless be-
cause there is "no probability" that the district judge would
have imposed a lower term had he known Miller had only
five prior felonies. While that might be so, in *Welch* we held
that harmless-error review is inappropriate when the sentenc-
ing judge has relied on misinformation: "[W]hether the sen-
tence might have been different if the sentencing judge had
been correctly informed" is "best addressed in terms of
whether the court relied on the erroneous information."
738 F.2d at 868 (quotation marks and ellipsis omitted). "Once
it is established that the court relied on erroneous information
… reviewing courts cannot speculate as to whether the same
result would again ensue with the error corrected." *Id.*
*Welch* relied on *United States v. Tucker*, 404 U.S. 443 (1972), in
which the Supreme Court rejected the government's argu-
ment that remand was unnecessary when "other detrimental
information" about the defendant made it "highly unlikely"
that the judge, relying on accurate information, would have
imposed a different sentence. *Id.* at 446.

Since *Welch*, we have continued to require resentencing if
the district judge has relied on erroneous information in jus-
tifying the sentence, even if the judge pointed to additional
§ 3553(a) factors to support the sentence. *Cf. United States v.
Rahman*, 805 F.3d 822, 840 (7th Cir. 2015) (remanding, in part,
because judge's erroneous factual finding as to a defendant's

role in offense was "important" to sentencing judge, even though judge pointed to other evidence supporting decision); *England*, 555 F.3d at 623 (remanding because of reliance on misstatement in assessing § 3553 factors, though judge was "inclined to vary" defendant's sentence beyond the Guidelines range). We have clarified, however, that harmless-error review applies if a sentencing judge's reliance on misinformation resulted in only a Guidelines error that did not affect the choice of sentence. *See United States v. McMath*, 559 F.3d 657, 670 (7th Cir. 2009) (clearly erroneous factual finding); *see also United States v. Yihao Pu*, 814 F.3d 818, 827 (7th Cir. 2016) (same); *United States v. Eubanks*, 593 F.3d 645, 655–56 (7th Cir. 2010) (erroneous Guidelines calculation). These cases, without citing *Welch* or *Tucker*, rely on the principle of *Williams v. United States*, 503 U.S. 193 (1992), which holds that the Sentencing Reform Act, 18 U.S.C. § 3742(f)(1), requires harmless-error review of a misapplication of the Guidelines. *Id.* at 203. *Welch* and *Tucker*, by contrast, are concerned with a violation of due process, not misapplication of the Guidelines.

The miscounting of Miller's felony convictions did not affect the Guidelines range; instead the miscount received explicit attention from the district judge when he selected a sentence using the § 3553(a) factors. Accordingly, we must remand for resentencing free of any misapprehension about Miller's total prior felony convictions.

### III

Miller's conviction is AFFIRMED. We VACATE Miller's sentence and REMAND for resentencing.