NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2020
Decided February 11, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1443

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-CR-137 |
| THEODORE SIMMONS, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

Theodore Simmons pleaded guilty to five counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), and one count of brandishing a firearm to further a crime of violence, 18 U.S.C. § 924(c). In exchange, the government dismissed one Hobbs Act conspiracy count and four additional § 924(c) counts. Had Simmons been convicted of all five § 924(c) counts, he would have faced a mandatory minimum of 132 years in prison. His plea to only one § 924(c) count lowered the mandatory minimum sentence to 7 years. Simmons later moved to withdraw his guilty plea, arguing that he suffered from mental health issues and that his attorney coerced him into pleading guilty. The district judge denied the motion and later imposed a below-guidelines sentence of 160 months in prison: 76 months for the Hobbs Act robberies followed by the mandatory 84 months

for the § 924(c) conviction. The judge also imposed three years of supervised release and ordered that Simmons pay $3,112 in restitution.

Simmons appeals, but appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Simmons opposes counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might involve. Because the analysis appears thorough, we limit our review to the subjects that counsel discusses and those in Simmons's response. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Having confirmed that Simmons wishes to contest his guilty plea on appeal, counsel first considers whether he could raise a nonfrivolous challenge to the adequacy of the plea colloquy or the voluntariness of his plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Counsel concludes that he could not, and we agree. In his motion to withdraw his plea in the district court, Simmons conceded that he was not contending that the district judge violated Federal Rule of Criminal Procedure 11 when the judge accepted his guilty plea. Accordingly, we would review any appellate challenge to the Rule 11 colloquy for plain error only. *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Dyer*, 892 F.3d 910, 913–14 (7th Cir. 2018).

Counsel correctly concludes that a plain-error challenge to Simmons's guilty plea would be pointless because the plea-hearing transcript shows that the district judge substantially complied with Rule 11. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). During the colloquy, the judge described the charges against Simmons, the statutory maximum and mandatory minimum penalties that he faced, the trial rights that he was waiving, and the role of the sentencing guidelines. *See* FED. R. CRIM. P. 11(b)(1). The judge also properly determined that Simmons's guilty plea did not result from promises (other than those in the plea agreement) or threats, and that Simmons entered the plea because he committed the alleged acts. *See* FED. R. CRIM. P. 11(b)(2), (3). Counsel acknowledges that the district judge did not advise Simmons of his right to testify and present evidence at trial, advice that Rule 11(b)(1)(E) requires. "[B]ut such an oversight will not constitute plain error unless the error actually renders the defendant's conviction unjust." *Davenport*, 719 F.3d at 618. Simmons could not reasonably argue that this lone omission renders his conviction unjust; the right at issue was listed in his plea agreement, which Simmons testified he understood and had reviewed with his attorney before the plea hearing. Although a plain-error challenge would be frivolous here, we once again recommend that district court judges utilize a checklist that outlines the Rule 11 requirements at every plea colloquy they conduct to

avoid these entirely preventable omissions. *See United States v. Zacahua*, 940 F.3d 342, 346–47 (7th Cir. 2019).

Simmons responds that the judge plainly erred under Rule 11 because he did not place Simmons under oath at the start of the plea hearing. But Rule 11 states only that a defendant "*may* be placed under oath"—not that he must be. *See* FED. R. CRIM. P. 11(b)(1) (emphasis added). That said, we note that it is good practice to place the defendant under oath at the start of every plea colloquy.

Likewise, as counsel rightly concludes, an argument that the district judge abused his discretion by not allowing Simmons to withdraw his plea would be fruitless. In his motion to withdraw, Simmons raised two arguments, both of which the judge properly rejected. He first argued that his attorney coerced him into pleading guilty by advising him that he would be worse off if he went to trial. But Simmons did not argue that his lawyer's legal assessment was wrong, and we see no plausible argument that a court abuses its discretion by deciding that "accurate, if discouraging, [legal] advice" was not coercive. Second, Simmons argued that he was susceptible to coercion because he was not on his medicine for attention deficit hyperactivity disorder. But the district judge properly ruled that Simmons's assurances during the colloquy were "entitled to a presumption of verity." *United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015). At the colloquy Simmons stated that he did not have any mental health issues that would interfere with his ability to decide to plead guilty and he had reviewed the indictment and plea agreement with his lawyer and understood the charges and potential penalties. And, as the district judge observed, Simmons did not offer evidence that his ADHD impaired his ability to understand or participate in the colloquy. *See Dyer*, 892 F.3d at 914 ("Absent evidence that [defendant's] ability to think was substantially impaired, 'it can't just be assumed' that his mental illness obstructed his ability to understand his pleas.").

Counsel next correctly concludes that Simmons could not raise any plausible challenge to the district judge's guidelines calculations. We would review any challenge for plain error because Simmons did not contest those calculations in the district court. *United States v. Oliver*, 873 F.3d 601, 607 (7th Cir. 2017).

Counsel first considers whether Simmons might argue that the judge erred in applying a six-level enhancement for "otherwise using" a firearm during three of the robberies, instead of a five-level "brandishing" enhancement. *See* U.S.S.G. § 2B3.1(b)(2). For two of the robberies, counsel correctly concludes that it would be frivolous to argue that the "otherwise used" adjustment was plain error. In jointly committing the

robberies with his co-defendant, the judge found, Simmons or his co-defendant did more than brandish a gun—they pointed it at a victim. A defendant who points (or who aids one who points) a gun at a victim may receive this enhancement. *See United States v. Warren*, 279 F.3d 561, 563 (7th Cir. 2002) ("We have affirmed 'otherwise used' adjustments when pointing a weapon at a specific victim created a personalized threat of harm."); *see also* 18 U.S.C. § 2(a) (aiders and abettors are punishable as principals).

The same conclusion applies to the third robbery. For that robbery, Simmons's co-defendant walked around a restaurant and "pointed a gun at customers and employees." We see no fruitful argument that the judge plainly erred in finding that this conduct "created a personalized threat of harm" to those customers and employees, warranting the six-level enhancement. *See United States v. Kruger*, 839 F.3d 572, 578–79 (7th Cir. 2016). Moreover, even if the judge did err here, the error did not prejudice Simmons because it did not alter his advisory guidelines range. *See United States v. Miller*, 900 F.3d 509, 512 (7th Cir. 2018) (no plain error unless "there is a reasonable probability that, but for this error" defendant's sentence would have been different).

Next, we agree with counsel that Simmons could not raise any nonfrivolous arguments that the district judge plainly erred in imposing a "bodily injury" enhancement to two of his robbery counts. *See* U.S.S.G. § 2B3.1(b)(3)(A). During those robberies, Simmons punched victims in the face causing cuts and bruises—injuries that the district judge could readily count as a "significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 cmt. n.1(B) (defining bodily injury); *see, e.g.*, *United States v. Eubanks*, 593 F.3d 645, 651–52 (7th Cir. 2010) (bruises and scrapes qualified for bodily injury enhancement).

Counsel next considers whether Simmons could challenge the "physical restraint" enhancement under U.S.S.G. § 2B3.1(b)(4)(B) applied to three of his robbery counts and correctly decides that any such challenge would be pointless. Judges reasonably apply this enhancement when a defendant "takes any of a thousand . . . physical actions against the targeted person that result in a physical limitation on her mobility" such as confinement in a room or rendering the person immobile. *United States v. Herman*, 930 F.3d 872, 876–77 (7th Cir. 2019). That describes the force Simmons used at the robberies. He grabbed some victims' heads; pushed others; forced some to open cash registers at gunpoint; punched some, shoved them to the floor, and held them there; and held one victim to prevent flight. He thus did not merely point a

gun and, without touching, order a victim not to move; he applied physical force to limit his victims' movement.

Finally, counsel rightly decides that challenging the substantive reasonableness of Simmons's below-guidelines sentence would be frivolous. Simmons received the mandatory minimum sentence of 84 months in prison for his § 924(c) conviction. For his five Hobbs Act robbery convictions, the judge sentenced him to 76 months, well below the 151–188 months guidelines range. Nothing in the record suggests that Simmons could overcome the presumptive reasonableness that we apply to a below-guidelines sentence. *See United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010). The judge properly addressed and reasonably weighed the sentencing factors in 18 U.S.C. § 3553(a). These included the nature and circumstances of the offense (violent, armed robberies involving physical assaults) and Simmons's history and characteristics (his mental health issues, substance abuse issues, and potential for recidivism). The judge also exercised his discretion under *Dean v. United States*, 137 S. Ct. 1170, 1176–78 (2017), to consider Simmons's mandatory minimum sentence under § 924(c) when calculating the sentence for his other offenses. And the judge adequately considered Simmons's arguments in mitigation. He acknowledged that Simmons's criminal-history category overstated his history, and he explained why Simmons's specific offense behavior and criminal history justified a sentence higher than his co-defendant's.

In his Rule 51(b) response, Simmons contends that counsel should challenge the magistrate judge's failure to rule on his motion to suppress certain evidence. He observes that the judge held a hearing on that motion under *Franks v. Delaware*, 438 U.S. 154 (1978). But in entering his plea deal, Simmons agreed to vacate the order granting a *Franks* hearing. Because we have concluded that any argument challenging his guilty plea would be frivolous, so too would this proposed challenge.

We GRANT counsel's motion to withdraw and DISMISS the appeal.