**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 16, 2020
Decided January 4, 2021

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3489

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:18-CR-50020(1) |
| EDWARD M. BRUCE, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

The district court sentenced Edward Bruce to 110 months in prison after he was convicted for drug and gun offenses. Bruce appeals and argues that the court procedurally erred at sentencing because it incorrectly stated that the police found body armor in his house at the time of his arrest. Although the body armor statement was not accurate, the court did not rely on this information when imposing the sentence. Moreover, Bruce did not show a reasonable probability that he would have received a lower sentence if the court had not been under this mistaken assumption. We affirm.

I

Police officers arrived at Bruce's home in Rockford, Illinois, on the evening of February 25, 2018, to execute an arrest warrant for failing to appear in connection with a burglary charge. When Bruce answered the door and the officers ordered him to put his hands up, he instead turned around and ran back inside. The officers chased Bruce through the house; as he fled, Bruce dropped a loaded handgun with an extended magazine and three plastic bags containing a heroin/fentanyl mixture, cocaine, and marijuana. The officers cornered Bruce in a bedroom and attempted to take him into custody. Bruce then resisted the officers and, during the struggle, an officer's hand was broken. After arresting Bruce, the officers recovered the gun, drugs, and nearly $1500 from his pocket.

Bruce pleaded guilty to possessing a controlled substance with intent to distribute (Count 1), 21 U.S.C. § 841(a)(1), possessing a firearm as a felon (Count 2), 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking crime (Count 3), 18 U.S.C. § 924(c)(1)(A)(i).

A probation officer prepared the presentence investigation report and determined that Bruce had a total offense level of 19 and a criminal history category of IV. This resulted in a guidelines range of 46 to 57 months for Counts 1 and 2 and a statutory minimum sentence of 60 months for Count 3 to be served consecutively.

At the sentencing hearing, the government asserted that, on top of the consecutive five-year term on Count 3, a within-guidelines sentence on Counts 1 and 2 was appropriate because of the circumstances surrounding Bruce's arrest. Instead of surrendering, Bruce attempted to flee, dropped a loaded gun in his home with other family members present (creating a risk that it could have accidently fired and killed someone), and resisted arrest, causing an officer to break his hand. The government also highlighted Bruce's lengthy criminal history and that he was selling a substance containing fentanyl—a synthetic opioid that has caused a rash of overdose deaths in Illinois in the past decade.

Before Bruce's counsel presented his argument and before Bruce's allocution, the court explained that it was concerned about the circumstances of Bruce's arrest, noting that he had fled from police and tossed a loaded gun with an extended magazine. It also stated:

> There was some body armor that was found. I don't know if it was in his room, but it was found in the house. Maybe that's attributable to someone else, but it shows that he is hanging around with people who -- if it doesn't fit him, he is hanging around with people who have a use for body armor, which is dangerous.

Although neither party objected to this statement, nothing in the record or in the sentencing materials before the court states that police found body armor in the house.

Bruce's counsel proceeded to argue that he should receive a downward variance to 24 months' imprisonment on Counts 1 and 2. This was justified, he contended, because Bruce had a tumultuous upbringing: He was born addicted to cocaine, his parents were not involved in his life, and he has struggled with a marijuana addiction and mental impairments. Counsel also pointed out that, because of the mandatory sentence on Count 3, even with this variance Bruce would still receive a substantial sentence of seven years' imprisonment. *See Dean v. United States*, 137 S. Ct. 1170, 1178 (2017) (explaining that a court may consider the sentence under § 924(c) when determining an appropriate consecutive sentence for the predicate offense(s)).

The district court imposed 50 months' imprisonment on Counts 1 and 2, to run consecutively to the 60-month mandatory sentence on Count 3. Just before this pronouncement, the court addressed the Section 3553(a) factors and noted that the offenses were aggravated because the drugs recovered included heroin mixed with fentanyl, Bruce resisted arrest, he possessed the loaded gun with the extended magazine, and an officer was injured. The court made no further mention of body armor. It acknowledged Bruce's difficult childhood, but also noted his long criminal history and how multiple stints of probation did not stop him from continually returning to criminal behavior. The court reasoned that, after considering "all the facts here and the 3553(a) factors," it could not grant a downward variance but would sentence Bruce closer to the lower end of the guidelines range.

II

On appeal, Bruce argues that the district court erred because it relied on false information—that the police found body armor in Bruce's home when he was arrested—when it imposed its sentence. By relying on inaccurate information, Bruce argues, the court committed a procedural error that affects his substantial rights and calls into question the fairness of the sentencing proceeding.

Before addressing the merits of Bruce's argument, we confirm that plain-error review applies. Both parties agree that because Bruce did not object to the court's misstatement at the sentencing hearing, he forfeited his objection, and this court should review for plain error. We explained in *United States v. Pennington*, 908 F.3d 234, 238 (7th Cir. 2018), that under Federal Rule of Criminal Procedure 51(a), a defendant need not object to (or take exception to) a district court's explanation of the sentence to preserve an argument for appeal. Yet in *Pennington*, the district court stated allegedly inaccurate information after it announced the sentence. *Id.* at 237. Here, the court mentioned the body armor before it made any sentencing pronouncement (and even before Bruce presented his arguments), so Rule 51(a) does not apply. Bruce had a chance to correct the judge's error before the sentence was handed down, but he failed to do so; the parties are correct that this argument is forfeited, and we review only for plain error. *See United States v. Oliver*, 873 F.3d 601, 608–09 (7th Cir. 2017).

Bruce has a due process right to be sentenced based on accurate information, *see Pennington*, 908 F.3d at 239, and relying on clearly erroneous facts when handing down a sentence is a "significant procedural error." *United States v. Corona-Gonzalez*, 628 F.3d 336, 340 (7th Cir. 2010). To receive a new sentencing hearing under plain-error review, Bruce must show that "(1) there was error, (2) it was plain rather than subject to reasonable dispute, (3) it affected his substantial rights, and (4) the court should exercise its discretion to correct the error because it seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Oliver*, 873 F.3d at 607 (citing *United States v. Seals*, 813 F.3d 1038, 1045 (7th Cir. 2016)).

There is no question that the court's statement about the body armor was incorrect. The government concedes as much. Nothing in the record, including the plea agreement and presentence investigation report with detailed accounts of the offense, mentioned any body armor associated with Bruce, nor did either party mention it in their sentencing memoranda or at the hearing.

Viewing the sentencing transcript in its entirety, the court did not rely on its mistaken belief about the body armor when it imposed Bruce's sentence. A court shows reliance on inaccurate information when imposing a sentence if it "gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the misinformation before imposing [the] sentence." *United States v. Miller*, 900 F.3d 509, 513 (7th Cir. 2018) (quoting *United States v. Chatman*, 805 F.3d 840, 844 (7th Cir. 2015)). Although the court did mention the body armor in passing during the hearing, it did

not discuss it when applying the 18 U.S.C. § 3553(a) factors, explaining its sentencing rationale, and handing down the sentence. Rather, after issuing the sentence, the court explained that what made Bruce's offense "more serious is what happened at the time of [his] arrest." It proceeded to discuss the undisputed facts about Bruce's arrest—that he ran from the officers, caused an officer to break his hand during the struggle, and that he had a loaded weapon with an extended magazine. The court also noted that Bruce was arrested with a bag containing not just heroin, but heroin laced with fentanyl. It was these aggravating factors—rather than any supposed body armor—that the court relied on when sentencing Bruce.

And even if the court had relied on the body armor, Bruce would also need to show that the court's error affected his substantial rights, and that we should remand because it affects the overall integrity of the judicial proceedings. *See Oliver*, 873 F.3d at 607. To show an effect on his substantial rights, Bruce must demonstrate a reasonable probability that, if the district court had not relied on this erroneous information, his sentence would have been different. *See Miller*, 900 F.3d at 512. Bruce has not made this showing. The court mentioned the body armor only once during the middle of the sentencing hearing and did not refer back to it when handing down the sentence later. At that point, the court calculated the correct guidelines range, and sentenced Bruce within that range—indeed, toward the lower end. It explained that the significant aggravating factors that resulted in a within-guidelines sentence (rather than the downward variance that Bruce requested) included the fact that Bruce resisted arrest, dropped the loaded gun, and injured the officer. Bruce has not shown a reasonable probability that, in light of these aggravating factors, the body armor comment affected the court's rationale when handing down his within-guidelines sentence. *See id.* at 513.

AFFIRMED