**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2021[*]
Decided April 12, 2021

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2568

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:12cr61 RLM |
| JEREMY L. CULVER, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge*. |

**O R D E R**

Jeremy Culver is a federal inmate serving a thirty-year sentence for producing and distributing child pornography. He groomed a young boy whom he mentored through the Big Brothers, Big Sisters organization, then molested and took sexually explicit photos and videos of the boy for years. Culver asked the district court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), citing his numerous health

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

conditions. The court denied the motion, finding that, despite these conditions, the sentencing factors of 18 U.S.C. § 3553(a)—particularly the nature of his offense and the need to protect the public—weighed against release. Because the court's factual findings were proper and it reasonably exercised its discretion in denying the motion, we affirm.

When Culver joined Big Brothers in 2008, he began grooming his eleven-year old "little brother" for sexual abuse. Over the next few years, Culver photographed and video-recorded sex acts with him, all while threatening that he would kill himself if the boy disclosed the abuse. The abuse ended only after an undercover FBI agent discovered it by observing that a username linked to Culver's computer had shared hundreds of sexually explicit photos of children. When FBI agents raided Culver's home and arrested him in 2012, they recovered thousands of videos and images of child pornography on his computers. He later admitted in an interview his sexual attraction to prepubescent boys.

Culver pleaded guilty to producing and distributing child pornography. *See* 18 U.S.C. §§ 2251(a), 2252(a)(2). The district court accepted his binding plea agreement calling for 30 years of imprisonment followed by 20 years of supervised release. *See* FED. R. CRIM. P. 11(c)(1)(C). At sentencing, the government explained that this sentence, which was significantly below the 50-year guidelines recommendation, would spare the victim and his family from the trauma of testifying at a trial. The victim's parents told the court at sentencing that, because of Culver's abuse, their son suffered from severe anxiety and a diagnosed social disorder, could not attend school full-time, and was unable to hug his parents.

Last year, Culver moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He contended that his numerous health conditions—hypertension, hyperthyroidism, prediabetes, seizures, Hepatitis A, brain damage, a history of smoking cigarettes, and what he calls "weight control issues"—place him at risk of severe complications or death if he contracts COVID-19. He added that he is a disabled veteran and a "non-violent" first-time offender who the prison allegedly said is a "low risk" for recidivating. Therefore, he argues, he should be released to avoid exposure to COVID-19 and to care for his ailing mother.

The district court denied the motion. It concluded that, although Culver's health does present a higher risk of harm (compared to healthy inmates) from the virus, his release would present an even greater danger to others. It rejected the notion that Culver is a non-violent offender who presents little risk to the public. It explained that

he is a pedophile because he exploited a mentorship program to gain unsupervised access to a vulnerable boy and force sex acts on him, inflicting severe and lasting psychological harm. The court also observed that Culver has served only about a quarter of his below-guidelines sentence. Finally, the court added, if Culver were released, probation officers might not always be able to detect if he accesses child pornography on the internet.

On appeal, Culver generally contests the denial of his request for compassionate release. A district court may in its discretion grant compassionate release to a prisoner "only if, 'after considering the factors set forth in section 3553(a),' it finds extraordinary and compelling reasons." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (quoting § 3582(c)(1)(A)(i)). Indeed, "[b]ecause of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns." *Id.*

Culver argues that, in weighing the sentencing factors under § 3553(a), the district court factually erred in two respects and therefore abused its discretion in denying relief. We review a district court's factual findings for clear error. *See United States v. Gamble*, 969 F.3d 718, 722 (7th Cir. 2020). First, Culver contends that the court wrongly labelled him a pedophile, which, he asserts, is a formal medical diagnosis. But the medical definition is not at issue; at issue is Culver's conduct, and those facts are amply documented: he molested a boy who trusted him, stored and shared thousands of sexually explicit images of children, and admitted to the police that he is sexually attracted to prepubescent boys. Second, Culver argues that the court wrongly inferred that he joined Big Brothers for unsupervised access to children; he insists that he volunteered for the program in order to fulfill a requirement of his master's program. But a district court may draw reasonable inferences when making factual findings. *See United States v. Salem*, 657 F.3d 560, 563 (7th Cir. 2011). Given how swiftly Culver exploited the boy after joining the organization, the court permissibly found that he joined it in order to gain unsupervised time with a vulnerable child.

Culver also argues, unpersuasively, that the court factually erred in ruling that he would endanger others, and therefore unreasonably denied his request for release. He points to the prison's risk assessment that labeled him a "low risk" recidivist. But "when a district court chooses between two permissible inferences from the evidence, the factual findings cannot have been clearly erroneous." *See United States v. Cruz-Rea*, 626 F.3d 929, 938 (7th Cir. 2010). And the court's inference that he was a high risk was reasonable given his admitted sexual interest in boys, his sexual exploitation of the boy

in this case, his minimization of his crime (calling it "nonviolent"), and the difficulty that probation officers would face in detecting whether he was committing more internet-based crimes.

With these factual findings adequately supported, the district court reasonably weighed the sentencing factors under § 3553(a) to deny relief. The court permissibly relied on the heinousness of Culver's crime, his refusal to accept the full seriousness of it, and the need to deter and promote respect for the law, given that Culver had served only a quarter of his below-guidelines sentence and risked reoffending. On this last point, Culver observes that the district court mistakenly stated both at sentencing and when denying this motion that his guidelines range was 60 (rather than 50) years' imprisonment. But Culver never objected to this misstatement at sentencing, so any argument about it is forfeited. And on plain-error review, this misstatement alone does not warrant relief. Culver has given us no reason to believe that had the court said that Culver received a sentence 20 (rather than 30) years below his guidelines range, it would have granted the motion for release. *See, e.g.*, *United States v. Miller*, 900 F.3d 509, 512–13 (7th Cir. 2018) (on plain-error review defendant must establish reasonable probability that, but for the court's error, his sentence would have been different).

We have reviewed Culver's other arguments, and none has merit.

AFFIRMED