NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2022
Decided March 28, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1819

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 04-20033-001 |
| LARRY D. BELL, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

Shortly after obtaining compassionate release from federal prison, Larry Bell violated the conditions of his supervised release by, among other things, committing a state offense. At his revocation hearing, Bell admitted the government could prove by a preponderance of the evidence that he violated a no-contact order by interacting with a 13-year-old child, who was a protected party. When imposing the sentence, the district court said Bell was caught "dealing drugs to" two children he was forbidden to contact. The court then sentenced him to 27 months' imprisonment and 33 more months of supervised release.

Bell's appointed counsel asserts this appeal is frivolous and moves to withdraw by submitting a brief satisfying *Anders v. California*, 386 U.S. 738 (1967). Bell does not have an unqualified right to counsel in appealing his revocation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Nevertheless, our practice is to apply the *Anders* safeguards in such appeals. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel submitted an *Anders* brief that addresses some of the issues we would expect to see, and Bell responded with a letter discussing the issues he wishes to raise on appeal, including that the district court relied on an erroneous fact concerning drug-dealing in selecting his sentence. *See* CIR. R. 51(b). Because Bell identifies a nonfrivolous issue that counsel did not consider, we discuss only that issue. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). We conclude that Bell's due process right to be sentenced based on accurate information was violated when the district court misapprehended the third supplemental revocation petition. *United States v. Miller*, 900 F.3d 509, 514 (7th Cir. 2018). Therefore, we vacate the sentence and remand for plenary resentencing.

## Background

In 2005, Bell was sentenced to 169 months' imprisonment and 6 years' supervised release for distributing cocaine base. He began serving his supervised release in 2018, but after he violated the conditions, the district court revoked his release and sentenced him to 33 more months in prison and 3 more years' supervised release. About halfway through the prison term, the court granted Bell's motion for compassionate release, 18 U.S.C. § 3852(c)(1)(A), and he commenced another term of supervised release.

About a month-and-a-half into that stint, the probation office petitioned for revocation, alleging that Bell violated multiple conditions: he tested positive for marijuana, did not attend required therapy, and failed 13 times to complete a biometric check-in on his cell phone. A few weeks later, Bell's probation officer filed a supplemental petition alleging that Bell failed to complete another seven biometric check-ins. A month after that, Bell's probation officer filed a second supplemental petition, alleging that Bell tested positive for cocaine and he failed to complete another four biometric check-ins. Finally, and most relevant here, a third supplemental petition alleged that Bell violated an active order of protection restricting him from contact with an acquaintance, Michael Harvey, thereby violating the mandatory condition that he not commit another federal, state, or local crime. The order of protection had been issued based on an allegation that Bell harassed Harvey at his workplace and home and dealt drugs "around" Harvey's two sons. About two months later, state authorities

charged Bell with violating that order by speaking to one of the sons while the child rode a bike and by contacting the child online.

Bell, still subject to a state prosecution, waived a contested revocation hearing. The district court verified that Bell knew the rights he was waiving and that he was doing so knowingly and voluntarily. It confirmed Bell's admission that the government could prove the conduct alleged in the third supplemental petition, adopted the petition's factual allegations as its findings, and revoked Bell's supervised release.

In considering an appropriate sentence, the district court first applied the Chapter Seven policy statements to calculate Bell's reimprisonment range under the Sentencing Guidelines. The court determined, and the parties agreed, that Bell's range was 21 to 27 months. The court then heard the parties' arguments. The government pointed out that Bell had squandered multiple opportunities for relief from imprisonment by violating the conditions of supervised release, including by breaching the no-contact order. Bell's attorney asked for leniency because Bell, having spent a substantial period of his life behind bars, was still learning how to be a productive member of society. Counsel explained that Bell's violation of the no-contact order arose from his "involvement with a woman and her husband" amid an interpersonal dispute. Neither party discussed drug dealing "to" children, which was not alleged in the third supplemental petition.

The district court assessed the 18 U.S.C. § 3553(a) factors, focusing on the nature and circumstances of the offense and Bell's history and characteristics. It summarized Bell's history of failing to complete biometric check-ins and missed therapy appointments. The court then detailed Bell's struggles with substance abuse before turning to the conduct that led to a misdemeanor charge in Illinois for violating the no-contact order:

> The petition alleged you were harassing Mr. Harvey and dealing drugs to his two sons. On November 13 of 2020 an officer spoke with Mr. Harvey and his [son] who is 13. The child told the officer you attempted to stop him while he rode his bike near his home. He went home and told his father. … Mr. Harvey told the police officer you had been communicating with the child by Facebook for several weeks.

The court recognized Bell's difficulties in adjusting to life outside of prison but found that prison time was necessary to address the frequency and sheer number of Bell's

serial violations—more than any other defendant in the court's 30-year experience—as well as the difficulty his intransigence caused in monitoring him. So, the court sentenced Bell to 27 months in prison followed by 33 months' supervised release.

## Discussion

Bell argues on appeal that he was given a longer reimprisonment term because the district court misunderstood how he violated the no-contact order. Specifically, Bell argues that "nothing in that [state] case was about me selling kids drugs." Though Bell did not object to the misstatement at the time, we do not require an objection to a court's explanation of its sentence in order to preserve an appellate argument. Further, Bell had no opportunity to interject before the court imposed his sentence and did not need to take exception after the court sentenced him. *United States v. Pennington*, 908 F.3d 234, 238 (7th Cir. 2018); FED. R. CRIM. P. 51(a). Therefore, there was no forfeiture, and we apply de novo review. *Pennington*, 908 F.3d at 238.

Bell had a due-process right to be sentenced based on accurate information. *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Miller*, 900 F.3d at 513. To show a deprivation of due process, Bell must demonstrate that the court relied on materially inaccurate information. *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010). Reliance means that the court gave "explicit attention" or "specific consideration to the misinformation before imposing sentence." *Miller*, 900 F.3d at 513 (quotation and citation omitted).

At the revocation hearing, Bell admitted the government could prove, by a preponderance of the evidence, the third supplemental petition's allegations. Thus, he admitted an order of protection was issued based on the allegation that he harassed Harvey and "dealt drugs *around*" (emphasis added) Harvey's two children. He also admitted he violated the order by trying to interact in person and online with one of those children.

There is some ambiguity about whether the district court was referring to the third supplemental revocation petition when it said "the petition alleged you were … dealing drugs to his two sons." But even if the court meant the state-court petition for a protective order—which is in some doubt, as that document is not in the record and was not otherwise mentioned at the revocation hearing—Bell was never accused in state court of dealing drugs *to* his neighbor's children. And the third supplemental

revocation petition alleged only that Bell committed a state misdemeanor offense by *contacting* the child.

Either way, the district court expressly mentioned the unsavory notion that Bell was dealing drugs "to" children as a consideration for the sentence. That information is not supported by the record, as there is a material difference between dealing drugs "to" children and dealing drugs "around" them. A factual error of this magnitude deprived Bell of his right to be sentenced based on accurate information. *See Miller*, 900 F.3d at 513; *United States v. Feterick*, 872 F.3d 822, 824 (7th Cir. 2017); *United States v. Corona-Gonzalez*, 628 F.3d 336, 342–43 (7th Cir. 2010).

Further, while the inaccurate information was mentioned as one of a number of factors for the sentence—primarily Bell's numerous supervision violations—we are not comfortable concluding that the district court's consideration of the inaccurate information was harmless. *See Pennington*, 908 F.3d at 240 (written explanation demonstrated that erroneous oral explanation did not affect sentence). The idea of selling drugs to children is inflammatory, and the district court expressly mentioned it. That conduct is relevant to multiple factors under 18 U.S.C. § 3553(a), including Bell's history and characteristics, the severity of his behavior, and the need to protect the public from him. So, although the court noted that the sentence it chose was based on Bell's many violations, Bell need not show that the inaccurate information was the sole basis for the sentence. *Miller*, 900 F.3d at 513.

In the traditional *Anders* context, if we identify a nonfrivolous issue, we typically direct counsel, or appoint new counsel, to submit a merits brief. *Eskridge*, 445 F.3d at 931–32. But when there is no constitutional right to an appointed attorney, we are free to address the merits without implicating any Sixth Amendment concern. *See id.* at 933. We do not see a need for additional briefing here given that we are satisfied there was an error and Bell is not constitutionally entitled to appellate counsel. *See id.* at 935. Moreover, the relatively short sentence counsels against making him await full briefing and argument.

Accordingly, we DENY counsel's motion to withdraw because we disagree with its premise that this appeal is frivolous. Bell's sentence is VACATED, and the case is REMANDED for resentencing (at which time Bell has a statutory right to counsel under 18 U.S.C. § 3006A(a)(1)(E) if he is indigent).