In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-1071

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KORRTEL FILZEN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 18-cr-69 — **Richard L. Young**, *Judge.*

_____

ARGUED DECEMBER 8, 2020 — DECIDED MARCH 16, 2021

_____

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges.*

KANNE, *Circuit Judge.* Korrtel Filzen pled guilty to eleven felony offenses related to an armed robbery spree. His plea agreement stipulated that his sentence would consist of 360 to 420 months' imprisonment and a special assessment of $900, as required by a statute that mandates a $100 special assessment per felony count. The somewhat obvious issue is that $100 per count comes out to $1,100, not $900. And indeed, the

district court sentenced Filzen to pay a special assessment of $1,100. Although he did not object at the time, Filzen now challenges his sentence because of that $200 discrepancy.

On plain-error review, we find that the court's imposition of the correct, statutorily mandated special assessment—although it differs by $200 from that in Filzen's plea agreement—need not be undone. We affirm.

## I. BACKGROUND

From December 2017 to January 2018, Korrtel Filzen robbed seven Indianapolis auto-parts stores while brandishing a firearm. He was caught by law enforcement and then charged by a grand jury with seven counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), and two counts of brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(a)(ii). Filzen initially petitioned to plead guilty to all nine counts of the indictment. The government later obtained a superseding indictment that attached a brandishing count for each robbery.

In September 2019, Filzen entered into a plea agreement with the government. He agreed to plead guilty to eleven counts—four of the brandishing counts and all seven of the Hobbs Act robbery counts. In exchange, the government dismissed three brandishing counts and moved for a three-level sentence reduction for acceptance of responsibility.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the plea agreement states that, "if the Court accepts this plea agreement, the Court will sentence the defendant within the specific sentencing range set forth in Paragraph 9." Paragraph 9 contains a sentencing range of 360 to 420 months' imprisonment and a special assessment of

"$900.00 …, which amount represents the mandatory special assessment fees imposed pursuant to Title 18, United States Code, Section 3013." The agreement also includes an appeal waiver, which only reserves Filzen's right to seek review of "the constitutionality of applying an 18 U.S.C. § 924(c)(1)(A)(ii) charge … to armed Hobbs Act Robberies."

The district court held a combined change-of-plea and sentencing hearing. During the change-of-plea portion of the hearing, the district court reviewed the plea agreement and discussed with Filzen that "[t]here will be a special mandatory assessment of $100 for each count. The total is $900 payable to the clerk, United States District Court, Southern District of Indiana. Is all that your understanding and agreement?" Filzen responded in the affirmative. The court later advised Filzen that, "if I choose not to follow the terms of the plea agreement, that is, the recommended sentencing level here, I will give you the opportunity to withdraw your plea of guilty; and if you choose not to withdraw your plea of guilty, I may impose a more severe sentence without being bound by the plea agreement." Filzen responded that he understood.

At the sentencing portion of the hearing, the district court stated that it accepted the plea agreement. The court imposed a sentence of 360 months' imprisonment, the low end of the agreed-upon range. But the court also ordered that "Defendant shall pay a mandatory special assessment fee of $100 per count for a total of $1,100" without acknowledging the $200 discrepancy from the $900 stated in the agreement.

Apparently, no one noticed the mistake. The court did not inform Filzen or the government that it was rejecting the plea

agreement, nor did it give Filzen the opportunity to withdraw the plea. Filzen's counsel did not object.

Filzen now appeals his sentence on the basis of the $200 difference in his special assessment and the fact that the district court did not offer him the opportunity to withdraw his guilty plea under Rule 11. He requests that we reverse and remand so that he may make that choice.

## II. ANALYSIS

Violations of Rule 11 do not cause "automatic vacaturs." *United States v. Davila*, 569 U.S. 597, 610 (2013). Instead, they "call[] for across-the-board application of the harmless-error prescription (or, absent prompt objection, the plain-error rule)." *Id.* Filzen's counsel did not object at sentencing, so we review for plain error. *United States v. Linder*, 530 F.3d 556, 562 (7th Cir. 2008) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)).

On plain-error review, Filzen must show that "(1) there was an error, (2) the error is clear and obvious, (3) the error affected [his] substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020) (citing *United States v. Zacahua*, 940 F.3d 342, 344 (7th Cir. 2019)).

The first two elements are met here. Federal Rule of Criminal Procedure 11(c)(1)(C) provides that "a specific sentence" agreed to under that subsection "binds the court once the court accepts the plea agreement." The district court may reject a Rule 11(c)(1)(C) plea agreement, but it must follow the Rule 11(c)(5) procedures when it does so. *United States v. Lockwood*, 416 F.3d 604, 607 (7th Cir. 2005).

Here, the district court effectively rejected the plea agreement when it failed to impose the specified sentence in its entirety. *Id.* ("Rule 11[(c)(1)(C)] does not … allow for piecemeal acceptance of some portions of the plea agreement, but not others."). And by failing to follow the Rule 11(c)(5) procedures, including "inform[ing] the parties that the court reject[ed] the plea agreement" and "giv[ing] the defendant the opportunity to withdraw the plea," the district court committed a clear and obvious error. *See United States v. Gibson*, 356 F.3d 761, 766 (7th Cir. 2004) ("[B]ecause this error is apparent from the language of [the statute], the error was 'plain.'"); *see also United States v. Kemper*, 908 F.2d 33, 37 (6th Cir. 1990) ("[O]nce the district court found grounds for rejecting the plea agreement, it was error for the court to impose a sentence without affording defendant Kemper an opportunity to withdraw his guilty plea.").

Whether it constitutes *reversible* error under the third and fourth prongs of plain-error review, however, requires a closer look at the record. *See Davila*, 569 U.S. at 611. For the substantial-rights prong, the Supreme Court has instructed that a defendant—like Filzen—"who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *accord Williams*, 946 F.3d at 973.

Filzen faces an uphill battle to make this showing. True, the district court imposed a special assessment that was $200 greater than provided in the agreement. But Filzen agreed to plead guilty on favorable terms that greatly reduced his statutory and guidelines sentencing exposure. Pursuant to the

plea agreement, the government dismissed three of the § 924(c) counts, which reduced Filzen's mandatory term of imprisonment from 49 to 28 years and his guidelines range from 423–444 to 360–420 months. At sentencing, the district court acknowledged that Filzen's actual sentence of 360 months' imprisonment was "a downward variance based on the terms of the binding plea agreement."

Nevertheless, we need not decide whether Filzen's substantial rights were affected because, "even if they were, we would not exercise our discretion to correct this error under the fourth element." *United States v. Pulliam*, 973 F.3d 775, 781 (7th Cir. 2020).

To start, Filzen received a lawful sentence. Indeed, under 18 U.S.C. § 3013(a)(2)(A), the district court was *required* to assess $100 per felony count. *See United States v. Austin*, 907 F.3d 995, 998 (7th Cir. 2018); *United States v. Nguyen*, 916 F.2d 1016, 1020 (5th Cir. 1990) ("[T]he imposition of special assessments under section 3013 is mandatory." (citing *United States v. Munoz-Flores*, 495 U.S. 385, (1990))). Filzen's agreed-to $900 assessment thus fell short for his eleven felony counts of conviction. The math isn't disputed: $100 x 11 = $1,100, not $900. And "[e]ven when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law." *Gibson*, 356 F.3d at 766 (alteration in original) (quoting *United States v. Greatwalker*, 285 F.3d 727, 730 (8th Cir. 2002)). So while "the entry of an illegal sentence is a serious error routinely corrected on plain-error review," *United States v. Pawlinski*, 374 F.3d 536, 541 (7th Cir. 2004), the district court's alteration here *corrected* a legal error in the plea agreement. In light of that, we do not think that it seriously

affected the fairness, integrity or public reputation of the judicial proceedings.

Moreover, although we often reverse an error that increased a defendant's term of imprisonment because "[t]he risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings" in certain cases, *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018), the same cannot be said for this error. We do not agree with Filzen that the district court's $200 variance that brought the sentence in line with the statute had any such effect on the proceedings. "[W]e have stated that we will overturn a criminal conviction under this standard only when 'necessary to avoid a miscarriage of justice.'" *Gibson*, 356 F.3d at 766 (quoting *United States v. Raney*, 342 F.3d 551, 559 (7th Cir. 2003)); *see also Pulliam*, 973 F.3d at 781. There is no miscarriage of justice in allowing Filzen's conviction to stand in light of his lawful sentence.[1]

### III. CONCLUSION

The district court could not have lawfully imposed a $900 special assessment, and the lawful sentence that it did impose did not seriously affect the fairness, integrity or public reputation of judicial proceedings. Although the Rule 11 violation was clearly an error, it is not a reversible one. We AFFIRM.

---

[1] Although the government argues that the plea agreement's appeal waiver should bar this appeal, we need not decide on that ground because we find no reversible error.