In the

# United States Court of Appeals

## For the Seventh Circuit

No. 23-3251

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GREGORY JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:21CR25-001 — **Holly A. Brady**, *Chief Judge.*

ARGUED MARCH 4, 2025 — DECIDED MARCH 25, 2025

Before BRENNAN, ST. EVE, and MALDONADO, *Circuit Judges.*

ST. EVE, *Circuit Judge.* A jury convicted Gregory Johnson of
attempting to use a minor to engage in sexually explicit con-
duct for the purpose of producing child pornography. When
imposing the sentence, the district court waived any fine
based on his inability to pay, 18 U.S.C. § 3571, and it also de-
termined that Johnson was indigent and therefore not subject
to the discretionary assessment under the Justice for Victims
of Trafficking Act ("JVTA"), 18 U.S.C. § 3014. But the court

imposed a $5,000 assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act ("AVAA"), 18 U.S.C. § 2259A.

Johnson challenges the imposition of this § 2259A assessment, arguing that it cannot be reconciled with the court's finding of indigency. He contends that the district court erred in imposing the AVAA assessment, and further erred in failing to explain the discrepancy.

We take this opportunity to clarify that the § 2259A assessment is mandatory, regardless of the defendant's ability to pay. But a court has discretion in setting the amount. In doing so, it must consider prescribed factors, including the defendant's financial condition.

In this case, the district court correctly recognized that the AVAA assessment is mandatory and imposed it accordingly. The court did not explain, however, why $5,000 was an appropriate amount, particularly given its findings about Johnson's financial condition for purposes of other financial penalties. We take no position on whether $5,000 is an appropriate assessment; we simply lack an explanation that allows us to review the court's discretionary decision. Therefore, we vacate the AVAA assessment and order a limited remand for the district court to impose an AVVA assessment and explain its basis for doing so.

## I.

In April 2020, Johnson responded to an online post from an undercover officer that advertised sex acts with his 14-year-old "stepdaughter." A grand jury charged Johnson with attempting to induce a minor to produce child

pornography in violation of 18 U.S.C. § 2251(a) and (e). In August 2023, a jury convicted Johnson of the charge.

The probation office prepared a presentence investigation report ("PSR"), which stated that Johnson had no income apart from occasional support payments from his mother, and that his sole assets were around $40,000 in a retirement account and $500 in a savings account. The PSR also indicated that Johnson was subject to fees and financial penalties: a fine of up to $250,000 under 18 U.S.C. § 3571(b); the standard, mandatory $100 special assessment under 18 U.S.C. § 3013; a $5,000 assessment under the JVTA if the court found that he was not indigent, *id.* § 3014; and an additional assessment under the AVAA, *id.* § 2259A.

At the sentencing hearing, the court adopted the facts in the PSR without objection. Johnson requested that the court recognize his indigency and not impose a fine. After imposing a sentence of 15 years' imprisonment and 10 years' supervised release, the court turned to the financial consequences. It determined that Johnson was unable to pay a fine and waived it. It then found, based on Johnson's "current financial circumstances, his lengthy term of imprisonment, and his earning potential upon his release from imprisonment," that he was indigent and therefore excused from a JVTA assessment. But without further discussion of his ability to pay, the court imposed a $5,000 assessment under the AVAA. The court explained that "in arriving at the amount of the assessment, [it had] considered the factors set forth in Section 3553(a) and 3572."

## II.

Johnson appeals the imposition of the AVAA assessment. He primarily argues that the court erred in imposing an assessment at all after finding him indigent under the JVTA and unable to pay a fine. He also challenges the amount of the assessment. We review the district court's interpretation of the AVAA, as well as whether it committed any procedural error, de novo. *United States v. Chaoqun*, 107 F.4th 715, 725, 735 (7th Cir. 2024).

## A.

We start with an overview of relevant statutes in this case that impose financial consequences on defendants convicted of federal crimes. In all cases, a district court must impose a special assessment under 18 U.S.C. § 3013. Here, the court has no discretion; it is "*required* to assess $100 per felony count." *United States v. Filzen*, 991 F.3d 785, 789 (7th Cir. 2021).

Courts may impose a separate, discretionary fine under 18 U.S.C. § 3571. *See United States v. Ellis*, 522 F.3d 737, 739 (7th Cir. 2008). When determining whether to impose this fine, and for what amount, the court must consult the factors listed in 18 U.S.C. § 3572, including "the defendant's income, earning capacity, and financial resources," as well as the general sentencing factors in § 3553(a). *Id.* § 3572(a).

More specialized statutes apply when the offense involves exploiting children. Under the JVTA, "the court *shall* assess an amount of $5,000 *on any non-indigent* person or entity convicted of" child exploitation offenses, among others. *Id.* § 3014(a) (emphasis added). The indigency determination requires the court to consider both "whether the defendant is eligible for appointed counsel at the time of sentencing and

whether the defendant generally lacks the resources to provide for himself going forward." *United States v. Otradovec*, 72 F.4th 794, 797 (7th Cir. 2023).

This appeal focuses on another statute applicable to child-exploitation offenses, the AVAA, 18 U.S.C. §§ 2259, 2259A. Section 2259 directs courts to order restitution for identified victims of child exploitation and related offenses. Section 2259A, the provision at issue here, instructs courts to impose an assessment. In relevant part, it provides:

> (a) In general.—In addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess—
>
> …
>
> > (3)  not more than $50,000 on any person convicted of a child pornography production offense.
>
> …
>
> (c) Factors considered.—In determining the amount of the assessment … , the court shall consider the factors set forth in sections 3553(a) and 3572.

### B.

With the relevant statutes outlined, we turn to the merits. Because Johnson contends that the court erred by imposing the AVAA assessment, we must first decide whether the court had discretion to waive it.

As with all issues of statutory interpretation, we begin our analysis with the text. *See Chaoqun*, 107 F.4th at 725. Like the special assessment statute and § 2259, § 2259A provides that the court "shall" impose an assessment. "Shall" connotes a mandate and eliminates judicial discretion. *See Smith v. Spizzirri*, 601 U.S. 472, 476 (2024); *Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("shall … impose[s] discretionless obligations").

Notwithstanding Johnson's arguments to the contrary, the use of "shall" in § 2259A without qualifications distinguishes it from § 3571(a), which is permissive, and the JVTA, which is conditioned on non-indigence. *Id.* § 3014(a). We therefore see no contradiction in the court's decision to impose an assessment but not a fine. *See United States v. McIntosh*, 198 F.3d 995, 1003–04 (7th Cir. 2000) (explaining that "no … contradiction exists" when a district court orders restitution under a "shall order" statute but waives a fine under a statute that provides for discretion).

## C.

Still, though a court has no discretion in deciding whether to impose the assessment, it must exercise discretion in setting the amount (up to the maximum amounts set forth in the statute). 18 U.S.C. § 2559A(c).

Here, the court imposed a $5,000 assessment and asserted that it considered the relevant statutory factors in doing so. When explaining a financial penalty that requires consideration of factors under § 3553(a) or § 3572, a court need not make specific findings about each factor, but it must be "clear from the record that the court has properly considered the relevant factors." *United States v. Picardi*, 950 F.3d 469, 476 (7th Cir. 2020); *see also United States v. Lee*, 950 F.3d 439, 444 (7th

Cir. 2020); *United States v. Bauer*, 129 F.3d 962, 968 (7th Cir. 1997) (a sentencing court "must consider the relevant factors and provide a reasoned and reviewable basis for its decision to impose a fine"). If the court does consider the relevant factors, we review the amount of an imposed assessment for clear error. *See Lee*, 950 F.3d at 444. But where, as here, a party challenges the court's adherence to proper procedures—i.e., whether it considered enumerated factors as required by statute—we review the court's decisions de novo. *See United States v. Wilcher*, 91 F.4th 864, 869 (7th Cir. 2024) (reviewing de novo whether the district court adequately explained the defendant's sentence).

We generally will not find error in a court's explanation if it adopts the PSR without objection, the PSR "contains an adequate basis to support the fine," and "it is clear that the court considered the relevant statutory factors." *United States v. McLaughlin*, 760 F.3d 699, 706 (7th Cir. 2014). The government contends that we can divine the court's rationale for the amount of the assessment because the court adopted the PSR without objection, and the PSR reported that Johnson had $40,000 in retirement savings. Although a court can use retirement funds to satisfy a judgment, *United States v. Sayyed*, 862 F.3d 615, 619–20 (7th Cir. 2017), we have no indication that that is what the court intended here. The mere existence of the retirement funds does not establish that the district court considered the relevant factors under § 3572(a)(1)—particularly in light of the court's finding that Johnson lacked the means to pay $5,000 under the JVTA.

For the same reason, the court's statement that it considered the relevant statutory factors does not suffice to justify the assessment. We notice that the amount matches the non-

discretionary $5,000 assessment that the JVTA requires for non-indigent defendants. This creates an appearance that the court used the JVTA as a benchmark for an appropriate assessment without any explanation instead of considering Johnson's individualized circumstances.

The government suggests another rationale for the court's AVAA assessment: because the AVAA assessment takes priority over most other financial penalties, § 2259A(d)(2), the court reasonably required Johnson to pay only this higher-priority penalty. But the statute requires an AVAA assessment to be *disbursed* before most other financial penalties; it says nothing about prioritizing the imposition of any penalty. More to the point, even assuming the court could properly consider the order of disbursements in setting the amount of an assessment, we again have no indication it did so here.

We emphasize that we take no position on the propriety of a $5,000 assessment in this case. The court, however, must provide a reasoned explanation of its assessment that reconciles the amount with its other findings.

### III.

We therefore VACATE the AVAA assessment and order a LIMITED REMAND for the district court to reconsider the assessment and explain the amount it elects to impose.