In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 24-2459

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID SWARTZ,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:24-cr-28 — **William M. Conley**, *Judge.*

---

ARGUED MAY 21, 2025 — DECIDED JULY 28, 2025

---

Before LEE, KOLAR, and MALDONADO, *Circuit Judges.*

LEE, *Circuit Judge.* David Swartz pleaded guilty to two counts of financial crimes. The presentence report erroneously stated the wrong figure for his net worth. At sentencing, the district court imposed a $10,000 fine. Swartz now argues that, by relying on incorrect information about his finances, the district court violated his due process right to be sentenced based on accurate information. He also asserts that the district court did not comply with statutory requirements in

imposing his fine, and asks us to remand for resentencing on these grounds. We disagree with Swartz's account of his sentencing and affirm.

## I

David Swartz was charged with one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aiding and assisting the filing of a false tax return, in violation of 26 U.S.C. § 7206(2). He pleaded guilty to both counts. The probation department prepared a presentence investigation report (PSR), where it determined that Swartz's total offense level was 16. Relevant to this appeal, the PSR stated that the statutory maximum fine for each of the two offenses was $250,000 pursuant to 18 U.S.C. § 3571(b), and that the Guidelines range for a fine at Swartz's offense level was $10,000 to $95,000 under U.S.S.G. § 5E1.2(c)(3). In evaluating Swartz's ability to pay a fine, the probation department reported that Swartz had total assets of $356,496 and liabilities of $88,167, resulting in a net worth of $268,329.

Swartz then submitted his various objections and clarifications to the PSR, including a correction to the report's accounting of his assets. The probation department accepted this correction and updated Swartz's total assets figure to $231,496. However, it failed to recalculate and update Swartz's net worth, leaving it at $268,329. The PSR's evaluation that Swartz "may have the ability to pay a fine and support himself" also remained unchanged. A week before the sentencing hearing, Swartz filed a memorandum where he stated that his "only objection to the Revised PSR is the calculation of his net worth," and noted that the correct number should be $143,329.

At sentencing, the district court adopted the PSR's recommendations and found that the probation department had correctly calculated the Guidelines range. After imposing the sentence and supervisory release terms, the court ordered a mandatory special assessment of $200 under 18 U.S.C. § 3013. The court then ordered Swartz to pay an agreed-upon amount of $181,915.92 as restitution, due immediately. As part of this agreement, Swartz had already paid $150,000 and had agreed to pay an additional $31,915.92 to account for improper earnings and attorney's fees.

Finally, the court imposed a fine of $10,000, finding that "[t]he defendant also has the means to pay a fine under [U.S.S.G.] Section 5E1.2(c) without impairing his ability to support himself and pay restitution given his significant assets and limited liabilities as well as a positive monthly cash flow."

## II

Swartz asserts that the imposition of the $10,000 fine deprived him of due process because it was based on inaccurate information. He also contends that the district court's imposing the fine failed to comply with 18 U.S.C. § 3572.

## A

Swartz first contends that the district court committed procedural error by relying on the PSR's miscalculated net worth figure when it imposed the $10,000 fine. We review "claims of procedural error at sentencing *de novo*." *United States v. Giles*, 935 F.3d 553, 557 (7th Cir. 2019) (citing *United States v. Banks*, 828 F.3d 609, 618 (7th Cir. 2016)).

A sentencing court commits a "significant procedural error" by "selecting a sentence based on clearly erroneous

facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). We have long recognized a defendant's "due process right to be sentenced based on accurate information." *United States v. Pennington*, 908 F.3d 234, 239 (7th Cir. 2018) (citing *United States v. Tucker*, 404 U.S. 443, 447 (1972), and *U.S. ex rel. Welch v. Lane*, 738 F.2d 863, 864–65 (7th Cir. 1984)). As Swartz sees it, the district court's reliance on the incorrect net worth figure in the PSR amounted to a significant procedural error that violated his right to due process. But to prevail in his argument, Swartz "must show that inaccurate information was before the court and that the court relied upon it." *Pennington*, 908 F.3d at 239 (citations omitted). Because the parties do not dispute that inaccurate information was before the district court, our inquiry is focused on whether the district court relied on that inaccurate information in determining Swartz's fine.

We note on the outset that "[t]he standard for determining whether the district court relied on improper information is a low one." *United States v. Miller*, 900 F.3d 509, 513 (7th Cir. 2018) (quoting *United States v. Barnes*, 907 F.2d 693, 696 (7th Cir. 1990)). To meet this standard, Swartz must show that "false information was part of the basis for the sentence." *Id.* (quoting *Lane*, 738 F.2d at 865). Reliance occurs when "the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the misinformation before imposing sentence." *Id.* (quoting *United States v. Chatman*, 805 F.3d 840, 844 (7th Cir. 2015)). Showing reliance does not require a showing of prejudice—in other words, that the sentence would have been different had the judge been properly informed. *Id.*

In *Miller*, a case Swartz cites, the government erroneously represented that the defendant had six prior felony

convictions when the correct number was five. 900 F.3d at 511. At sentencing, the district court considered the defendant's criminal record a major aggravating factor and repeatedly misstated the number of prior felony convictions during the hearing and in its own sentencing memorandum. *Id.* at 513–14. We remanded the case for resentencing because "the miscounting of [defendant's] felony convictions … received explicit attention from the district judge when he selected a sentence" and "the inaccurate statement cannot be separated from the judge's primary justification for the sentence." *Id.* at 514–15.

We are not so troubled by Swartz's sentencing. Unlike the district court in *Miller*, the court here made no statements during the sentencing hearing or in its statement of reasons that reflect a misunderstanding of Swartz's net worth. In fact, the district court never mentioned Swartz's net worth; it found that Swartz had the ability to pay the fine "given his significant assets and limited liabilities as well as a positive monthly cash flow." And Swartz does not dispute that the revised PSR correctly stated his assets and liabilities.

What is more, Swartz highlighted the miscalculated net worth number in his sentencing memorandum, and the court explicitly indicated that it "spent some time with [Swartz's] memorandum." Not only that, but Swartz's counsel also recognized that the court "reviewed carefully our sentencing memorandum." In light of these facts, we are hardpressed to find that the district court relied on the erroneous net worth figure in the PSR. We simply do not see the court expressly considering the incorrect information as in some prior cases. *See, e.g.*, *United States v. Tucker*, 404 U.S. 443, 447 (1972) (finding it "evident that the sentencing judge gave specific

consideration to the respondent's previous convictions before imposing sentence upon him"); *Townsend v. Burke*, 334 U.S. 736, 740–41 (1948) (finding the trial court based its sentence on "materially untrue" assumptions about the defendant's criminal record, and declining to assume that "items given such emphasis by the sentencing court, did not influence the sentence"); *Lane*, 738 F.2d 866 ("Here the sentencing court's reliance on the misinformation is explicit and incontrovertible.").

Although Swartz insists that the district court *did* make a statement reflecting a misunderstanding of his net worth, he merely points to the district court's reference to the PSR generally while calculating his offense level, with nary a mention of his net worth. In his view, this reference to the PSR demonstrates that the district court relied on the misstated net worth figure and found it accurate. For support, he relies on *United States v. Burke*, where we held that "[a] court's reference to the PSR constitutes sufficient findings even as to controverted facts." 148 F.3d 832, 836 (7th Cir. 1998) (internal citations omitted). But *Burke* is readily distinguishable. There, we addressed the sufficiency of the district court's findings as to controverted matters, and we emphasized that our holding was "very factually specific" to the case.[1] *Id*. at 834–36. And even if the district court's reference to the PSR here could be somehow construed as a reference to the net worth number, "there is no reliance" "if the government merely mentions inaccurate

---

[1] Though Swartz's reliance on *Burke* is misplaced, we repeat our caution that "more detail is always better than less in sentencing findings." 148 F.3d at 836. We encourage district courts to avoid creating appealable issues like those raised here by resolving all disputed material facts and objections to the PSR on the record before imposing the sentence.

information on which the court does not expressly found its sentence." *United States v. Dennis*, 119 F.4th 1103, 1112 (7th Cir. 2024); *see Chatman*, 805 F.3d at 845 (holding that the district court's general, non-explicit references to defendant's prior convictions "hardly rise to reliance that taints the ultimate sentence").

Here, there is nothing in the record indicating that the district court "g[a]ve explicit attention to" or "g[a]ve specific consideration to" the incorrect net worth figure in the PSR. *Miller*, 900 F.3d at 513 (citation modified). Nor does the record show that the court based "its sentence at least in part on it." *Id*. If anything, the court's careful review of Swartz's sentencing memorandum would have drawn its attention to the figure's inaccuracy. As a result, the district court did not procedurally err when imposing the fine on Swartz.

**B**

Swartz next argues that the district court procedurally erred by failing to comply with 18 U.S.C. § 3572. First, according to Swartz, the district court could not have properly considered the factors enumerated in § 3572(a), such as his "income, earning capacity, and financial resources," because it had an incorrect net worth figure and only considered his finances at the time of sentencing. Second, he contends, the district court failed to heed § 3572(b)'s mandate to impose a fine only to the extent it would not impair his ability to make restitution.

**1**

When imposing a fine requiring consideration of factors under § 3572, the district court "need not make specific findings about each factor, but it must be clear from the record

that the court has properly considered the relevant factors."
*United States v. Johnson*, 131 F.4th 811, 814 (7th Cir. 2025) (in-
ternal quotation marks omitted). If the court considers the rel-
evant factors, we review its factual findings for clear error. *Id*.
(citing *United States v. Lee*, 950 F.3d 439, 444 (7th Cir. 2020)).

Swartz does not dispute that the district court considered
his "income, earning capacity, and financial resources." 18
U.S.C. § 3572(a)(1). But he contends that the court failed to
*properly* consider these factors due to the PSR's inaccurate net
worth figure and the adverse impact the sentence would have
on his income.

As we have discussed, the record does not support
Swartz's contention that the district court relied on his mis-
stated net worth when determining his fine.[2] The court's ex-
press finding relevant to Swartz's financial resources was that
he had "significant assets and limited liabilities as well as a
positive monthly cash flow." The PSR accurately stated
Swartz's assets, liabilities, and cash flow. Based on that infor-
mation, the court determined that Swartz had sufficient
means to pay the fine. This was a "reasoned and reviewable
basis for its decision to impose a fine," which is "all that is
necessary" to pass muster. *United States v. Bauer*, 129 F.3d 962,
968 (7th Cir. 1997).

---

[2] Swartz also argues that the district court should have accounted for
the additional restitution of $31,915.92 he had agreed to pay shortly before
sentencing. This is not borne out by the record, which shows that the court
recognized that Swartz had to pay the remaining restitution just before it
imposed the fine. We find it improbable that the court failed to consider
the impact of this additional restitution on Swartz's ability to pay the fine.

Swartz's second argument fares no better. He asserts that the district court was shortsighted in finding that he had a "positive monthly cash flow." Swartz posits that, because he would lose most of his monthly income due to his upcoming incarceration, his positive cash flow is bound to drop. And, although he acknowledges that his monthly expenses would also decrease upon his imprisonment, he presumes that such expenses would resume post-incarceration, while his salary likely would not, because he would not be able to continue his current line of work. We are unpersuaded by this line of argument, particularly considering that Swartz is a seasoned business professional with a master's degree in business administration and a six-figure net worth when all is said and done. *See United States v. Ramusack*, 928 F.2d 780, 783 (7th Cir. 1991) (*per curiam*) (rejecting defendant's argument that "he did not have the ability to pay [the fine] in light of the agreed restitution, and because his lengthy sentence precludes him from working," given the defendant had "over a quarter of a million dollars" remaining after paying restitution); *cf. United States v. Karam*, 201 F.3d 320, 330 (4th Cir. 2000) ("A negative net worth at the time of sentencing does not necessarily indicate an inability to pay, especially when the PSR establishes that a defendant has knowledge and skills in the areas of financial planning, business administration and corporate strategies.").

More broadly, Swartz fails to show that the court did not comply with § 3572(a) because the record supports the court's proper consideration of the enumerated factors. Certainly, in the past, we have found it "unclear that the district court properly has considered the relevant factors" when the court "adopts the factual findings contained in the presentence report but deviates from the fine recommendation," or when

the court "declines to adopt the findings in the presentence report and makes no findings of its own." *Bauer*, 129 F.3d at 968. But neither defect is present here; the district court adopted the findings in the PSR, and the $10,000 fine was the low end of the recommended range.

Indeed, in those instances when we have found remand appropriate, the sentencing court provided little—if any—basis for imposing the fine in question. *See*, *e.g.*, *Johnson*, 131 F.4th at 812 ("[W]e simply lack an explanation that allows us to review the court's discretionary decision"); *United States v. Monem*, 104 F.3d 905, 912 (7th Cir. 1997) (finding that the district court had not made the requisite factual findings justifying the fine, where the PSR and the government both recommended against imposing a fine); *United States v. Vargas*, 16 F.3d 155, 159 (7th Cir. 1994) (finding that the district court "never discussed … the appropriateness of the fine … and never mentioned the presentence report's analysis of [defendant's] financial condition").

By contrast, the district court here adopted the PSR and explicitly noted the PSR's accounting of Swartz's "significant assets and limited liabilities as well as a positive monthly cash flow." This provided an adequate basis to support Swartz's fine under § 3572(a), and it was not clearly erroneous for the court to find that Swartz could afford it.

**2**

Finally, Swartz claims that the district court erred by ordering a $10,000 fine that would impair his ability to pay restitution, in violation of 18 U.S.C. § 3572(b), which permits a fine "only to the extent that such fine … will not impair the abilty of the defendant to make restitution." We quickly

dispense with this argument, not with legal analysis but with simple math.

Swartz's correct net worth of $143,329 is more than fourteen times the $10,000 fine. He would still have $133,329 after paying the fine, which is more than enough to cover the remaining restitution amount of $31,915.92. We fail to see how the court contravened § 3572(b) when the $10,000 fine in no way impaired Swartz's ability to make restitution.

We AFFIRM the judgment of the district court.